JOSEPH BARKER, APPELLANT, V. CITY OF OMAHA,
APPELLEE.

1. **Municipal Corporation:** SPECIAL ASSESSMENT: NOTICE.
Notice in some form must be given to a property owner before a
special assessment upon his property becomes fixed and irrevo-
cable.

2. ———: ———: ———: INJUNCTION. When an improve-
ment has been made along a public street, to which the owner
of property abutting thereon has made no objection till after its
completion, upon a bill being filed by him to enjoin the assess-
ment for want of notice, he must do equity by paying the amount
which his property is benefited by the improvement.

APPEAL from Douglas county. Heard below before
WAKELEY, J.

*George E. Pritchett*, for appellant, cited: *Gatch v. Des
Moines*, 18 N. W. R., 310. *Stewart v. Palmer*, 74 N. Y.,
183. *Railroad Tax Cases*, 13 Fed. Rep., 722.

*W. J. Connell*, for appellee.

MAXWELL, J.

This is an action to enjoin the collection of a special as-
sessment on lot 1, in block 123, in the city of Omaha,
which was assessed to pay in part the cost of curbing and
guttering Douglas street, from 10th to 16th streets, in said
city. The amount levied upon the lot in question was the
sum of $322.74. On the trial of the cause in the court
below, the court found that the just and equitable propor-
tion of the tax which should have been assessed against
said lot was the sum of $200, and rendered a decree ac-
cordingly. The plaintiff appeals.

The plaintiff alleges in his petition that he is the owner
of the lot in question; that in January 1879, the mayor

and council of the city of Omaha levied a special tax upon
said lot for the purpose of paying the cost and expense of
guttering and curbing Douglas street, from 10th to 16th
streets; that said lot abuts on Douglas street; that the
amount of said special tax so levied upon said lot was the
sum of $322.74, which sum greatly exceeded five per cent
of the value of said lot at the close of the fiscal year in
which said levy was made; that within thirty days after
said tax was levied the plaintiff complained, verbally and
not in writing, of said assessment as excessive, to the proper
authorities of said city, and tendered to the city treasurer
an amount of money equal to five per cent of the value of
said lot at the close of said fiscal year in satisfaction of said
tax, which was refused by said treasurer; that the value
of said lot at the close of said fiscal year had not been de-
termined by three disinterested freeholders, etc.; that said
lot is not benefited in an amount equal to said tax upon
said lot; that said tax was levied illegally and arbitrarily,
and without reference to benefits conferred by the improve-
ment, and without notice to the plaintiff; that the trea-
surer of Douglas county is now offering said lot for sale
for said tax, and is about to sell the same, etc.

The answer denies many of the allegations in the peti-
tion, and states defenses to which it is unnecessary to refer.
The principal ground upon which relief is sought is be-
cause the city charter in force when the tax was levied
contained no provision for notice to the property owner.
There is no doubt that notice of some kind must be given
to a property owner, and an opportunity given to him to
be heard before an assessment upon his property becomes
finally and irrevocably fixed. *County, etc., v. S. P. R. Co.*,
18 Fed., 385. *County, etc., v. S. P. R. Co.*, 13 Id., 722.
*Thomas v. Gain*, 35 Mich., 155. *Butler v. Supervisors*,
26 Id., 22. *Paul v. Detroit*, 32 Id., 108. *Philadelphia
v. Miller*, 49 Penn. St., 440. *Pattern v. Green*, 13 Cal.,
325. *Gatch v. DesMoines*, 18 N. W. R., 310.

And that the notice should be provided for in the statute or ordinance authorizing the improvement, there is no doubt. The object of notice, however, is to enable the property owner to protect his rights by the proper proceedings. If he appear in the case the object of notice has been accomplished, nor will he be heard afterwards to complain on that ground. But, even where there is neither notice nor appearance, but the circumstances were such that he must have known the facts, if there was authority to impose the tax, a party can not, after the improvement is made, enjoin the collection of the tax assessed to pay for the same —in other words, retain the benefit derived from the improvement without doing equity by tendering the amount for which the property would be justly liable. *La Fayette v. Fowler,* 34 Ind., 140. *Sleeper v. Bullen,* 6 Kas., 300. *Evansville v. Pfisterer,* 34 Ind., 36. *Weber v. San Francisco,* 1 Cal., 455. *Kellogg v. Ely,* 15 O. S., 64. *Tash v. Adams,* 10 Cush., 252. *Motz v. Detroit,* 18 Mich., 495. *Warren v. Grand Haven,* 30 Id., 24. *Peoria v. Kidder,* 26 Ill., 351. The court, therefore, did not err in requiring the plaintiff to pay an equitable proportion of the tax as a condition of granting relief.

Objection is made to the mode of assessment of the lot in question, the tax having been assessed by the front foot, but neither the petition nor proof is sufficiently definite to justify the court in reviewing the judgment in that regard.

It is evident that substantial justice has done and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.