JOHN DARST ET AL., APPELLANTS, V. CHARLES T. GRIFFIN ET AL., APPELLEES.

[FILED MAY 5, 1891.]

1. **Constitutional Law:** LOCAL IMPROVEMENTS: TAXATION. The provisions of sec. 6, art. 9, of the constitution, that "the legislature may vest the corporate authority of cities, towns, and villages with power to make local improvements by special assessments or by special taxation of the property benefited," do not prohibit the legislature from conferring the power to make local improvements by special assessment or taxation of property benefited upon counties. (*State v. Dodge Co.*, 8 Neb., 124; *State v. Lancaster Co.*, 4 Id., 540.)

2. **Drainage by Counties:** PROCEEDINGS. In a proceeding to establish a drain or ditch under the statute the jurisdictional facts are, first, a petition signed by one or more owners of land to be affected by the proposed ditch; second, the bond provided by statute; third, that the proposed improvement is necessary and will be conducive to the health, convenience, and welfare of the public; fourth, the statutory notice. Where the county board has jurisdiction, irregularities in the proceedings will not render the assessment void.

3. ———: ———: IRREGULARITIES. Where objections are made to certain assessments on the ground of irregularities, the court, as a condition of granting relief, may require the property owner to do equity by paying the amount which his property is benefited by the improvement.

4. ———: TAXATION: ESTOPPEL. A party who sees a public improvement being carried on calculated to benefit his property, cannot wait until it is completed and the expenditure has been

made and his property received the benefit before proceeding to avoid the tax, but must, as a condition of relief by injunction, do equity by paying the amount thereof justly chargeable against such property.

APPEAL from the district court for Burt county. Heard below before WAKELEY, J.

*Montgomery & Jeffrey,* for appellants:

The act is unconstitutional and is not authority for the proceedings in this case. (*Jones v. Com'rs,* 5 Neb, 561; *Clother v. Maher,* 15 Id., 6; *Reeves v. Treasurer Wood Co.,* 8 O. St., 339; *Harward v. St Clair,* 51 Ill., 133–4; *Cypress Pond v. Hooper,* 2 Metc. [Ky.], 350; *Hallenbeck v. Hahn,* 2 Neb., 399.) The proceedings of the county boards were not sufficient to give them jurisdiction to levy the assessments. (*Hoyt v. Saginaw,* 19 Mich., 39; *Sessions v. Crunkilton,* 20 O. St., 359–60; *Warren v. City of Grand Haven,* 30 Mich., 29; Cooley, Taxation, 418, 464; *Ferris v. Bramble,* 5 O. St., 110; *Harbeck v. Toledo,* 11 Id., 223; *Anderson v. Com'rs,* 12 Id., 643; *Sharp v. Speir,* 4 Hill [N. Y.], 76; *In re Astor,* 50 N. Y., 363; *In re Cameron,* Id., 502; *Nevins, etc., Co. v. Alkire,* 36 Ind., 189; *Henderson v. Baltimore,* 8 Md., 352; *Jones v. Boston,* 104 Mass., 461; *Smith v. Davis,* 30 Cal., 536; *Chambers v. Satterlee,* 40 Id., 497; *Allentown v. Henry,* 73 Pa. St., 404; *Hamilton Co. v. Bailey,* 12 Neb., 59, 60; *Zahradnicek v. Selby,* 15 Id., 580; *McGavock v. Pollack,* 13 Id., 536). A curative statute may remedy *irregularities* in tax proceedings, but not *jurisdictional defects.* (*Sessions v. Crunkilton,* 20 O. St, 361.)

*Lake, Hamilton & Maxwell,* and *W. C. Walton, contra:*

Sec. 6, art. 9, of the constitution is not a grant of power. (Cooley, Const. Lim., 88*; *State v. Lancaster Co.,* 4 Neb., 537–40.) The principle contended for by appellants does not apply to a constitution. (*State v. Lancaster Co., supra.*)

The fund raised to pay for this improvement is not a tax, within the meaning of the law, but is an assessment under the police power of the state. (Tiedeman's Lim. of Police Power, sec. 124; Cooley, Tax. [Drainage Laws], 402; *Donnelly v. Decker*, 58 Wis., 461, and cases; *Bryant v. Robbins*, 70 Wis., 258; *State v. Stewart*, 74 Id., 620.) The jurisdictional facts appear in the record, and if there were any irregularities respecting incidental matters they cannot be taken advantage of at this stage of the proceedings. (*Chapman v. R. Co.*, 6 O. St., 137; *Kellogg v. Ely*, 15 Id., 64; *Brown v. Merrick Co.*, 18 Neb., 355; *Dakota Co. v. Cheney*, 22 Id., 447.) Any irregularities or informalities in the proceedings were cured by the act of March 9, 1885, Laws of 1885, page 272. (*Steines v. Franklin Co.*, 48 Mo., 167; *State v. Hitchcock*, 1 Kan., 184; *Beach v. Leahy*, 11 Id., 26; *Com'rs v. Shoemaker*, 27 Id., 77.)

MAXWELL, J.

This action was brought in the district court of Burt county by the plaintiff and twenty-four others against the defendants to restrain the execution of certain tax deeds and to have the special assessments declared illegal and void and canceled on the county records as clouds upon the plaintiffs' titles to their respective tracts of land. The assessments were made to pay for the construction of a ditch which extends through a part of Burt into Washington county, and is known as the "Fish Creek Ditch Improvement." The action was not brought until the improvement had been made so that the plaintiffs received the benefit thereof. The assessments against the plaintiffs' lands were not paid, and such lands were thereupon advertised and sold to the defendants Sutherland and Wychoff, who were about to receive tax deeds of said lands in pursuance of said purchase. The petition was presented to Judge Wakeley, who granted a temporary order of injunction.

The defendants thereupon filed an answer, which need not be noticed.    On the trial of the cause a decree was rendered conditionally in favor of the plaintiffs as follows:

"This cause came on heretofore to be heard and was tried and submitted to the court upon the pleadings, the evidence, and the arguments of counsel, and was by the court taken under advisement, and now on consideration thereof, and being fully advised in the premises, the court finds that the plaintiffs at the commencement of this action were, and still are, the owners of the lands described in the petition and hereinafter described, as set forth in the petition; that the lands were sold by the treasurer of Burt county, at the times and for the amounts and to the persons stated in the petition, for delinquent assessments levied and charged against said land, on account of the construction of the main ditch and spur ditch No. 1 of the Fish Creek Ditch Improvement, in Burt county, Nebraska; that there were material errors, irregularities, and defects in the proceedings resulting in said assessments, and in the sale of said lands therefor, which render the said tax sales illegal and voidable, viz., first, the order of the county commissioners to the engineer were insufficient for failure to comply with the provisions of sections 7 and 8 of chapter 89 of the Compiled Statutes of Nebraska, providing for draining of marsh or swamp lands, in this, that it did not contain specific directions to the engineer to do what said sections prescribed, but merely ordered him to make a schedule according to section 8, leaving the said engineer to place his own construction upon the law as to its requirements; and, second, the lands were not duly advertised for sale as provided by the statutes of Nebraska in that behalf in such cases; that the tax certificates issued upon said sale are irregular upon their face, by reason of the fact that they do not give to the land-owners the full two years allowed by statute for redemption; that all the other proceedings relating to the construction of the said Fish

Creek Ditch Improvement, and resulting in said assessments and sales, were substantially regular and sufficient, and as provided by law;   *   *   *   that, by reason of the illegalities and substantial defects in the proceedings as above found, the plaintiffs are entitled to a perpetual injunction against the defendants to prevent the execution of tax deeds, and to have the said tax sales canceled and set aside, and the clouds upon the said lands caused thereby removed, are as in the petition prayed, conditioned, however, upon the plaintiffs making the payments in amounts, in the manner and within the time as hereafter provided and decreed, to which finding both plaintiffs and defendants duly except.

"It is therefore by the court considered, adjudged, and decreed as follows: If, within ninety days from the entry. of this decree, the plaintiffs make the payments hereinafter provided for and required to be made," etc.

The court then found the amount due from each plaintiff and required the payment of the same as a condition of relief.

No objection is made by the appellant that the proof fails to support the decree or that any matter was overlooked by the court.

It is claimed that the act is unconstitutional, in that sec. 6, art. 9, of the constitution provides that the legislature may vest the corporate authority of cities, towns, and villages with the power to make local improvements by special assessments or by special taxation of property benefited.

It is claimed that the omission of the word "counties" from this section excludes them from the right to make local improvements by special assessments.

In *State v. Lancaster County*, 4 Neb., 540, it was held that the naming of certain things which might be taxed did not exclude the state from imposing taxes on things not named where there was no restriction in the constitu-

tion.   The court held that the taxing power vested in the legislature is without limit except such as may be prescribed by the constitution itself, and that the maxim, " *Expressio unius est exclusio alterius*," does not apply in the construction of constitutional provisions regulating the taxing power of the legislature.

The precise question here presented was before this court in *State v. Dodge County*, 8 Neb., 124, and it was held that the designation of cities, towns, and villages in the constitution did not prohibit the legislature from conferring power to make local improvements by special assessments or taxation upon property benefited upon other municipal corporations than those designated.   The above cases were carefully considered and the decisions are believed to be correct and will be adhered to.

It is also claimed that there are irregularities in the proceedings that rendered them void.   The testimony shows that the board of county commissioners of Burt county had jurisdiction in the premises.   In *County of Dakota v. Cheney*, 22 Neb., 437, it was held that the jurisdictional facts were, first, a petition signed by one or more owners of land to be affected by the proposed ditch; second, the bond provided by statute; third, that the proposed improvement is necessary and will be conducive to the health, convenience, and welfare of the public; and fourth, the statutory notice.   All these appear in this case.   The improvement evidently was a necessary one, and conducive to the health, convenience, and welfare of the public.   The plaintiffs seem to have so regarded the improvement.   They waited until it was done so that they could reap the benefit in the enhanced price of their lands and the more salubrious atmosphere surrounding the same, caused by the removal of stagnant water and decaying vegetation.   They do not offer to do equity by paying what is justly due, but seek to be relieved entirely from liability.   This cannot be permitted in a court of conscience.   The burden of

43

constructing the ditch must be borne by some one or more, and it is but justice that those receiving the benefit should assume the obligation.

In *Barker v. Omaha*, 16 Neb., 269, this court required a lot owner who sought to enjoin the assessment for want of notice to do equity by paying the amount which his property had been benefited by the improvement. The same rule will be applied in this case.

The decree, which is very long, was evidently prepared with care by a capable and painstaking judge, and we see no error therein. The judgment is therefore

AFFIRMED.

The other judges concur.