JOHN I. REDICK, APPELLANT, V. CITY OF OMAHA, APPELLEE.

[FILED JULY 1, 1892.]

Special Assessments: INJUNCTION. In an action to enjoin certain special assessments for the improvement of a public street, *held*, that neither the pleadings nor proof presented a case to entitle the plaintiff to relief.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*W. A. Redick*, for appellant:

The mode of levying the tax (according to benefits) is the measure of the power, and if levied in any other mode it is unauthorized and void. (*Zottman's Case*, 20 Cal., 102; *Paving Co. v. Painter*, 35 Id., 699; *Murphy v. Louisville*, 9 Bush [Ky.], 189.) This assessment is void, because based on the *cost* of the work, and not on special benefits

*assessed and apportioned. (Johnson v. Milwaukee,* 40 Wis., 315; *Watkins v. Zwietusch,* 47 Id., 513; *Hanscom v. Omaha,* 11 Neb., 37; *Thomas v. Gain,* 35 Mich., 156.) An assessment by foot-frontage rule has been held void, as not according to benefits. (*State v. Hudson,* 5 Dutch. [N. J.], 104; *State v. Bergen,* 1 Zabr. [N. J.], 342; *State v. Jersey City,* 4 Id., 662; *State v. Passaic,* 8 Vroom [N. J.], 65; *Cronin v. Jersey City,* 9 Id., 410; *St. John v. E. St. Louis,* 50 Ill., 92.) An assessment by the foot-front rule cannot be sustained upon rural lot or land. (*Cleveland v. Tripp,* 13 R. I., 61; *Kaiser v. Weise,* 85 Pa. St., 366; *Perry v. Little Rock,* 32 Ark., 31; *State v. Dist. Court of Ramsey Co.,* 29 Minn., 62; *Masters v. Scroggs,* 3 M. & S. [Eng.], 447; *Stafford v. Hamston,* 2 B. & B. [Eng.], 691.)

*A. J. Poppleton, contra:*

The determination of the board of equalization as to the method of assessment is exclusively within its jurisdiction. (*Teegarden v. Racine,* 14 N. W. Rep. [Wis.], 614; *Lent v. Tilson,* 14 Pac. Rep. [Cal.], 71; *Paulson v. Portland,* 19 Pac. Rep. [Ore.], 155; *Hunt v. Rahway,* 39 N. J. L. 646; *Little Rock v. Katzenstein,* 12 S. W. Rep. [Ark.], 199.) A foot-front assessment, where the benefits are found by the board of equalization of the council to be equal and uniform, is expressly authorized by section 42 of the charter. (*O'Reilly v. Kingston,* 21 N. E. Rep. [N. Y.], 1004; *McCormick v. Harrisburg,* 18 Atl. Rep. [Pa.], 126; *Winona Co. v. Watertown,* 44 N. W. Rep. [S. Dak.], 1072; *Wilber v. Springfield,* 14 N. E. Rep. [Ill.], 871; *Davis v. Lynchburg,* 6 S. E. Rep. [Va.], 230.) Equity will not interfere to enjoin the collection of a tax unless some special reason is shown affecting the validity of the assessment or unless the tax sought to be enjoined was not authorized. (Cooley, Taxation, 536; *Hannewinkle v. Georgetown,* 15 Wall. [U. S.], 548; *Kellogg v. Oshkosh,* 14 Wis., 678; *Dodd v. Hartford,* 25 Conn., 232; *Arnold v. Middleton,*

39 Id., 401 ; *Loud v. Charlestown,* 99 Mass., 209 ; *Whiting v. Boston,* 106 Id., 350 ; *Page v. St. Louis,* 20 Mo., 136 ; *Marsh v. Brooklyn,* 59 N. Y., 280.) Appellant had a legal remedy under the statutes by paying his tax under protest and bringing an action to recover it back. Having failed to avail himself of this, he has no standing in a court of equity. (*Adsit v. Lieb,* 76 Ill., 198 ; *Peoria v. Kidder,* 26 Id., 351 ; *Archer v. Terre Haute,* 102 Id., 493 ; *Andrews v. Rumsey,* 75 Id., 598.) Appellant does not, in his petition, tender or deposit the amount of the assessment admitted to be due, therefore he has no standing in a court of equity. (*Barker v. Omaha,* 16 Neb., 271; *Hallenbeck v. Hahn,* 2 Id., 426 ; *Wood v. Helmer,* 10 Id., 75 ; *Hunt v. Easterday,* 10 Id., 165; *Boeck v. Merriam,* Id., 201.)

MAXWELL, CH. J.

This action was brought by the plaintiff against the defendant to enjoin the collection of certain special taxes assessed against the property of the plaintiff described in the petition, on the ground that said assessment was unconstitutional and void. Issues were joined and on the trial of the cause the court made special findings as follows:

"The evidence is quite meager, but it sufficiently appears therefrom, and from the pleadings, that the tax in question was levied according to foot-frontage, upon property along a portion of Farnam street, to pay for one-half of the expense of certain grading in front of plaintiff's property. The tax was at the rate of about $1.68½ per front foot upon a strip 132 feet deep of the tract in question, which had not been divided into lots and blocks. The tract was a little less than 600 feet square ; the frontage being about 586 feet, and the taxes being $9,561.82.

"Second—There was no attempt to show by proofs that as a fact this exceeded the special benefits conferred upon plaintiff's property by the grading, or was more in proportion to such benefits than the tax upon other property

similarly benefited. The case rests upon the theory that a tax by foot-frontage is unconstitutional, illegal, and arbitrary, and therefore void. In this case the board of equalization and council determined that the rule was just, and there is no evidence to the contrary. The record does not show that the plaintiff made any complaint, at the time, against the apportionment of the expenses; or that his property was charged with more than its just share. (See 10 Neb., 216; 11 Id., 75; Id., 347.)

"Facts of which the court may take judicial notice regarding the boundaries, situation, and progress of the city, at and subsequent to the time in question, refute the theory of the petition, that the premises were mere agricultural lands, unsusceptible of benefits from municipal improvements. It is within the common knowledge that these extend far beyond its boundaries, in all directions, into populous wards, and districts of elegant and costly residences, and high priced city property. The plaintiff makes no offer to pay any portion of the tax, or grading expense, but stands upon the proposition that the tax was a nullity. If that were so, the court, under the circumstances, might properly leave him to his legal remedies for resisting it, or defending against any title or lien set upon it. (See 16 Neb., 269, and numerous cases holding that he who seeks equity must do equity.) The action must be dismissed for want of equity at plaintiff's cost."

The court thereupon dismissed the action for want of equity.

The pleadings and evidence tend to show that the assessment was substantially correct, and fail to show any ground for equitable relief on behalf of the plaintiff. He waited until the improvement was made, without raising any objections to the improvement itself or the mode of assessment, and the proof fails to show that the rule adopted is inequitable. The plaintiff fails also to offer to pay the amount justly due for such improvement, and therefore does

not commend himself to a court of equity. There is no material error in the record and the judgment is

AFFIRMED.

THE other judges concur.