DAVID C. JOHN, APPELLANT, V. WILLIAM J. CONNELL ET AL., APPELLEES.

FILED MARCH 19, 1902.   No. 9,373.

Commissioner's opinion, Department No. 1.

1. **Board of Equalization: MEETING: NOTICE.** Where the record discloses that a board of equalization remained in session only a portion of the day provided for in the published notice, when a recess was taken subject to the call of the chairman, and no further meeting held until nearly thirty days thereafter, when, without a new notice, another meeting is held, at which final action is taken, *held*, that such action is not a compliance with the law requiring a meeting of the city council as a board of equalization for at least one day, between the hours of 9 A. M. and 5 P. M., and a special tax depending for its support upon such proceedings is invalid. *Medland v. Linton*, 60 Nebr., 249, followed.

2. **Levy: SPECIAL TAX: FOOT-FRONTAGE: BENEFITS: EQUAL AND UNIFORM.** Under the provisions of section 78, chapter 12a, Compiled Statutes 1893, in order to sustain a levy of special taxes according to the foot-frontage of the lots of real estate within the tax district, it must affirmatively appear from the record that the council, sitting as a board of equalization, found that the benefits were equal and uniform as to all the lots and tracts to be affected by the proposed improvement.

3. **Former Opinion Modified.** Former opinion in this case (*John v. Connell*, 61 Nebr., 267) modified so far as it is inconsistent with the views herein expressed.

APPEAL from the district court for Douglas county. Heard below before POWELL, J. Rehearing of case reported in 61·Nebr., 267. *Judgment below affirmed in part.*

*Henry P. Leavitt,* for appellant.

*Connell & Ives, contra.*

KIRKPATRICK, C.

This case is again before this court for determination, a rehearing having been allowed. The prior opinion of this court is reported in 61 Nebr., 267. We are asked upon this rehearing to examine only the question concerning the validity of the sewer tax, which the trial court held invalid, and which in the former opinion was held valid It will not be necessary herein to restate the pleadings, issues and the relations of the several parties to the case. Regarding the question now to be determined, this court, in the former opinion, said: "Our examination of the record has not revealed any vital infirmity in the proceeding which resulted in the levy of the sewer tax, and defendant has not pointed out, or even suggested, the existence of any substantial defect in such proceeding. We conclude, therefore, that the special sewer tax is valid, and that the court erred in not enforcing it." Appellee, in his motion and brief on rehearing, calls attention to the fact, which before was not brought to the notice of the court, that this question was not properly before the court at the former hearing; the decree of the trial court having been that the sewer tax was invalid, and appellant, John, not having filed his brief here upon this question within the time required by the rules, appellee Connell having had no notice that appellant, John, had filed his brief upon this question out of time. In view of these facts, this rehearing has been granted, and the only point, therefore, requiring reexamination, is whether that portion of the decree of the trial court holding the sewer tax invalid, from which appellant,

John, attempted to appeal, was properly reversed, and the special sewer tax held valid.

It is now contended by appellee Connell that the sewer tax was illegal and void for the following reasons: First, that the board of equalization failed to comply with the law in respect to remaining in session for one day, between the hours of 9 A. M. and 5 P. M., to hear complaints regarding the assessment; and that the board of equalization made no finding authorizing the levy by front-footage, and that no final action whatever was taken by the board; second, that no assessment was in existence or had been made at the time the council, sitting as a board of equalization, claimed to have held its meeting; third, that no notice of the meeting of the board of equalization was published as required by law, and that the notice as published was insufficient. These objections, so far as necessary to a correct disposition of the question now before the court, will be taken up in the order named.

The authority to levy the tax complained of is found in section 78, chapter 12a, Compiled Statutes, 1893, by the terms of which the city, by its proper officers, is authorized to levy a tax for the construction or reconstruction of sewers or drains within the city limits; the taxes to be assessed against the real estate lying within the sewerage district to the extent of the benefits to such property by reason of the improvement. These benefits are to be determined by the council, sitting as a board of equalization, after notice to property owners, as in the case of other special assessments. Section 85 of the same act provides: "In all cases before any special taxes that may be levied, except for constructing wood sidewalks, shall be finally levied, it shall be the duty of the council to sit as a board of equalization for the purpose of equalizing any such proposed levy of special taxes or assessments and correcting any error therein, giving notice of such sitting in the same manner as above provided in this section, stating in such notice the purpose for which it will sit, and it shall continue such session not less than one day, from nine A. M.

to five P. M., and at such session it shall hear all complaints," etc. It is disclosed by the record in this case that a meeting of the city council of the city of Omaha was held at the office of the city clerk, in the Douglas county court house, on the 13th day of July, 1891, in accordance with the terms of a notice published, which provided that the session should extend from 9 A. M. till 5 P. M. The record discloses that the members of the city council (naming them) met at the clerk's office on the day named, and organized as a board of equalization by electing one of their members as chairman. Some business was transacted, having no connection with the question under consideration, after which the record recites that the board, on motion, took a recess, to meet upon the call of the chairman. No other meeting appears to have been held until August 11, 1891, when the board of equalization was again in session, apparently upon the call of the chairman. Aside from this record, the only evidence is the testimony of one Cochrane, who was interested in some other matter, who appeared before the board on the 13th of July, who testified that the board took the recess mentioned in the minutes of the board prior to noon on that day. Is this a compliance with the plain provisions of the statute, requiring the council to remain continuously in session as a board of equalization for at least one day, from 9 A. M. until 5 P. M.? Clearly it is not. The language is too plain to admit of construction. Beyond question, it is the purpose of this enactment that the taxpayers whose property was to be affected should have an entire day, between the hours named, to appear and show any errors or irregularities that might exist in relation to such taxes. It is contended by appellant that section 78 of the act referred to above is complete in itself, and that no time is fixed therein during which the board of equalization must remain in session. We are unable to find merit in this contention. Section 85 of the same act, a portion of which has been quoted, provides that in all cases, before special taxes can be levied, the board must hold a meeting to hear complaints,

at least one day, between the hours named. This precise question has been before this court in the case of *Medland v. Linton,* 60 Nebr., 249, in which this court, speaking by HOLCOMB, J., held, in reference to a record almost identical with that in the case at bar, that the attempted compliance with this provision was insufficient to sustain a levy of special taxes. In that case it was held to be the settled rule in this state that compliance with the provisions requiring a minimum session of one day between the hours named was a jurisdictional prerequisite to the validity of the assessment sought to be made, and that its observance must appear affirmatively from the record; quoting with approval from *Smith v. City of Omaha,* 49 Nebr., 883. We have no doubt of the correctness of the rule announced in that case. It follows that, the city council having failed to meet as a board of equalization and remain in session for at least one day between the hours named, the attempted special assessment complained of was wholly void.

The next contention for consideration is that the special assessment complained of is illegal and void because the city council, as a board of equalization, in adopting the frontage rule for the purpose of making the levy, failed to make a finding as required by section 78, that the benefits arising from the construction of the improvement contemplated would be equal and uniform. It seems clear, from the plain provisions of the section referred to, that in order to authorize a levy according to the front foot of the lots of real estate within the sewerage district, the council, sitting as a board of equalization, must have found that the benefits would be equal and uniform upon all the lots, tracts and parcels of land in the district. The record wholly fails to disclose that any such finding was made, or that the board took the same under consideration. There can be no question that such a finding is a jurisdictional prerequisite to the levy of a special tax in the manner attempted. *Hayes v. Douglas County,* 65 N. W. Rep. [Wis.], 482, 486; *State v. City of Hudson,* 29 N. J. Law, 104; *Liebermann v. City of Milwaukee,* 89 Wis., 336.

From what has been said, it clearly appears that the judgment of the trial court in holding this special sewer assessment invalid was right. It is therefore recommended that the opinion heretofore rendered in this cause, reported in 61 Nebr., 267, be modified to the extent that it conflicts with the views herein announced, and that the judgment of the trial court, holding the sewer tax invalid, be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former opinion is modified and the judgment of the district court holding invalid the special sewer tax affirmed.

JUDGMENT ACCORDINGLY.

NOTE.—The principle underlying special assessments upon private property to meet the cost of public improvements is that the property upon which they are imposed is peculiarly benefited and therefore that the owners do not in fact pay anything in excess of what they receive by reason of such improvement. The exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation, but, unless such excess of cost over special benefits be of a material character, it ought not to be regarded by a court of equity, when its aid is invoked to restrain the enforcement of a special assessment. *Norwood v. Baker*, 172 U. S., 269, opinion by Justice Harlan, Brewer, J., dissenting. In the case just cited, a village corporation by its council condemned certain land for a street extension. In a condemnation proceeding, the jury fixed the damages at $2,000. As the extension of the street passed through the land, the special assessment by front foot was assessed for each side of the street, and amounted to $2,218.58, or $218.58 in excess of verdict for damages. The assessment was perpetually enjoined as in violation of the fourteenth amendment of the constitution of the United States.—REPORTER.