CHARLES T. SCHNEIDER, APPELLANT, v. ORAN F. PLUM ET AL., APPELLEES.

FILED FEBRUARY 26, 1910. No. 15,925.

Municipal Corporations: SIDEWALKS: VOID ASSESSMENT: INJUNCTION. In litigation concerning a special assessment levied upon village lots to pay for a sidewalk constructed in a street adjacent to such real estate, if it appears that the village board in levying the assessment did not take into account the benefits and damages resulting from the construction of the sidewalk, but levied the total cost thereof without regard to such benefits or damages, the tax is void, and its collection may be enjoined.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Reversed with directions.*

*H. C. Vail,* for appellant.

*J. A. Price, contra.*

ROOT, J.

This is an action to enjoin the trustees and clerk of the village of Petersberg and the county treasurer of Boone

county from collecting a special assessment levied upon plaintiff's lots in said village to defray the cost of constructing a concrete sidewalk adjacent to said property. Defendants prevailed, and plaintiff appeals.

1. The facts are practically undisputed. Petersberg is a municipal corporation containing less than 800 inhabitants. Plaintiff is, and during the times hereinafter mentioned was, the owner of lots 4 and 5 in block 12 in said village. About 1895 a board sidewalk was constructed contiguous to said lots, and in 1907 it was somewhat out of repair. In April, 1907, the village trustees enacted an ordinance requiring lot owners in said village, when re quested by a resolution of the trustees, to construct, recon struct or repair sidewalks adjacent to their respective lots. The form of the resolution to be adopted in such cases is set forth in the ordinance. Upon the adoption of such a resolution, the village marshal is directed to de liver a copy to the owner of the lot or lots affected, or to leave it at such owner's usual place of residence. If the sidewalk is not constructed or repaired, as the case may be, within 30 days after such service, the village is authorized to make the improvement, and levy an assessment against the property to defray the expense incurred. On the 5th day of June, 1907, a resolution was duly passed commanding plaintiff to construct a sidewalk along said lots, and on the 12th of that month a copy of the resolution, neither signed nor certified to by the clerk, was delivered to plaintiff's wife upon the premises in question. Plaintiff was away from home at the time, but the notice was delivered to him about the 20th or 23d of the month Plaintiff failed to construct the sidewalk, and the village authorities proceeded under the ordinance to make the improvement. Thereafter the trustees notified plaintiff they would meet at a definite time for the purpose of levying an assessment upon his lots to pay the expense of constructing said sidewalk. At the time fixed in the notice the village board passed the following resolution: "Be it resolved by the chairman and village board of the village

of Petersberg that lots 4 and 5 of block 12 of the original town of Petersberg be valued at $1,400 for the purpose of assessment, and that there be levied against said lots a special tax amounting to $80, said amount being a total expense in building the cement sidewalk along the south side of Rae street and along said lots; further that the village clerk be instructed to file a certified copy of this resolution, together with a certified copy of the notice served upon the occupants of said lots of this special meeting, with the county clerk of Boone county, Nebraska." Copies were duly filed. Plaintiff argues that the copy of the resolution delivered to his wife at their home did not give the trustees jurisdiction over his property. The statute under which the assessment was made does not require notice to be given the lot owner before a sidewalk may be constructed. Ann. St. 1909, secs. 8916-8919. Notwithstanding the statute, village trustees have authority to prescribe by ordinance the jurisdictional steps to be taken by them in such cases. *Ives v. Irey,* 51 Neb. 136. Having exercised that power, the trustees would be bound by the ordinance. *State v. Cosgrave,* 85 Neb. 187. The ordinance does not require that the copy of the resolution to be delivered to the lot owner shall be signed by the clerk or attested by that officer, nor certified nor sworn to by the marshal. The copy describes plaintiff's lots with sufficient certainty, and, among other things, recites: "Be it resolved by the board of village trustees of Petersberg, Nebraska," etc. Plaintiff could not have been, and was not, misled, and we think the trustees acquired jurisdiction to make the improvement, and by a proper procedure to assess a tax upon plaintiff's lots for the net benefits thereby accruing to them.

2. It is contended that the trustees did not ascertain the benefits and damages, if any, resulting to the property from the construction of the sidewalk, and exceeded their power by arbitrarily assessing the cost of the improvement to plaintiff's lots. There is merit in this contention. The vital principle underlying special assessments is that

the value of the property taxed has been increased in a
sum at least equal to the assessment levied. To levy a
tax without a corresponding increase in value is to take
private property for public use. *Hanscom v. City of
Omaha,* 11 Neb. 37; *Cain v. City of Omaha,* 42 Neb. 120;
Const., art. IX, sec. 6. The legislature, recognizing its
limitations and the rights of the citizen, provided with
reference to special assessments by village authorities:
"Such assessment shall be made by the council or board of
trustees at a special meeting, by a resolution fixing the
valuation of such lot assessed, taking into account the
benefits derived or injuries sustained in consequence of
such contemplated improvements, and the amount charged
against the same, which with the vote thereon by yeas and
nays shall be spread at length upon the minutes," etc.
Ann. St. 1909, sec. 8919. The burden is on plaintiff to
prove that the trustees were without authority to levy the
assessment under consideration, and the proof upon this
issue is the record of the village board. That record is
before us, and demonstrates that the statute was ignored.
The trustees did not find that the lots were or were not
benefited by the construction of the sidewalk, but they
arbitrarily assessed upon the real estate the total cost of
said improvement. The market value of lots may or may
not, according to the circumstances of a particular case,
be increased by the construction of a sidewalk adjacent
thereto, and the cost of the improvement does not neces-
sarily measure that increase. The trustees were not vested
with power to ascertain and then assess the *cost* of the
sidewalk, but the benefits accruing to plaintiff's lots by
reason of the improvement, not to exceed its cost. We do
not intimate that the trustees' record must be faultless,
but it must at least show that those officials acted within
their jurisdiction and substantially complied with the
law. It follows that the assessment under consideration
is void. *Smith v. City of Omaha,* 49 Neb. 883; *Hutchin-
son v. City of Omaha,* 52 Neb. 345; *Harmon v. City of
Omaha,* 53 Neb. 164; *Henderson v. City of South Omaha,*

60 Neb. 125; *John v. Connell,* 64 Neb. 233, 71 Neb. 10; *Trephagen v. City of South Omaha,* 69 Neb. 577.

Defendants cite *Barker v. City of Omaha,* 16 Neb. 269, and *Darst v. Griffin,* 31 Neb. 668. In *Barker v. City of Omaha, supra,* no constitutional limitations were suggested by counsel. At the time the assessment considered in the *Barker* case was made, the Omaha charter limited special assessments to 5 per cent. of the value of the lot or tract of land benefited. Gen. St. 1873, ch. 8, sec. 53. The plaintiff in the *Barker* case asserted that the assessment exceeded 5 per cent. of the value of his property, and urged he had not been notified of the meeting of the taxing board. Upon the trial of the case, no proof was made that plaintiff had not been notified or did not have knowledge of said meeting, but he introduced evidence to prove the levy was excessive. The principle of law urged in the case at bar was not considered in the *Barker* case. In *Darst v. Griffin, supra,* the power of the legislature to vest county commissioners with authority to construct ditches for the drainage of lands and to assess a special tax upon real estate for benefits accruing by reason of such improvement was challenged. The statute was upheld. The plaintiff in that case also urged that, if the statute was valid, certain irregularities in the procedure leading up to the levy of the assessment rendered the tax void. The irregularities were found not to be jurisdictional and the plaintiff was refused relief. The application in each of the cited cases of the principle that he who asks equity must do equity should be considered with reference to the fact that the assessing board was held to have had jurisdiction to levy some part of the tax assessed. *Redick v. City of Omaha,* 35 Neb. 125, is another case where the equitable principle was applied. In that case the assessment was according to the foot-front rule, but the taxing board had found that the property thus assessed had been benefited to the amount of the levy, and the assessment was held valid in an action to enjoin its collection. That these cases do not control the

instant one is evident from the failure of this court to mention them in *Smith v. City of Omaha, Hutchinson v. City of Omaha, Harmon v. City of Omaha, Henderson v. City of South Omaha, John v. Connell* and *Trephagen v. City of South Omaha, supra.* In *Hutchinson v. City of Omaha, supra,* we held the levying of a special assessment was not a judicial act, and that the district courts should not, where the assessing authority had acted without jurisdiction in cases of special assessments, attempt to make that levy by directing the plaintiff to pay any part of the void charge as a condition precedent to relief. See, also, *Harmon v. City of Omaha, supra.*

Other reasons are advanced by plaintiff to sustain his contention that said assessment is void. They have all been considered, and have been found insufficient to justify us in extending this opinion by a specific mention of each argument. While we agree with plaintiff that the village board did not have power to make the assessment levied upon plaintiff's lots, we do not think the trustees are without power to eventually levy and collect the amount of the net benefits, if any, accruing to said lots by reason of the construction of the sidewalk in question. Neither the statute nor the village ordinance fixes any limitation of time subsequent to the completion of a sidewalk within which the trustees may levy special assessments for benefits bestowed. The trustees may, therefore, by retracing their steps and giving proper notice, sit as a board of equalization and assess whatever net benefits accrued to plaintiff's lots by reason of the construction of the sidewalk in question.

The judgment of the district court, therefore, is reversed and the cause remanded, with directions to enter a judgment restraining the collection of the tax in dispute, without prejudice to a subsequent levy, for the net benefits accruing to plaintiff's lots by the construction of the sidewalk under consideration, but not to exceed the cost of such construction.

REVERSED.