ALBERT N. ORCUTT, APPELLANT, v. JAMES H. McGINLEY ET AL., APPELLEES; ALFALFA IRRIGATION DISTRICT, APPELLANT.

FILED FEBRUARY 26, 1915.   No. 18,011.

1. **Taxation:** VOID ASSESSMENTS: EQUITABLE RELIEF: TENDER.   Where assessments are wholly void and the owner of taxable property has no means of ascertaining what amount may be lawfully levied, he is not required to make a tender as a condition of obtaining equitable relief.

2. ———: ———: INJUNCTION.   An injunction against the collection of void taxes levied against the owners of land in an irrigation district will not be denied because some have paid the void assessments.

Rehearing of case reported in 96 Neb. 619.   *Former opinion modified.*

ROSE, J.

The suit was brought to cancel bonds issued by the Alfalfa Irrigation District and to enjoin the collection of

irrigation taxes levied on property therein.  The district court sustained the bonds, but denied plaintiff relief as to the taxes.  The judgment below was affirmed.  *Orcutt v. McGinley*, 96 Neb. 619.  This is a motion by plaintiff to modify the affirmance to the extent of enjoining the collection of the irrigation taxes levied during the years 1896 to 1908, inclusive.  It is stipulated that the taxes for the year 1896 are invalid.  On the face of the record the assessments for the other years mentioned are void because the taxing officers in making them disregarded mandatory provisions of the statute.

It is argued that plaintiff is not entitled to relief from the assessments because he did not offer to pay what is equitably due from him as a tax debtor.  Where assessments are wholly void and the owner of taxable property has no means of ascertaining what amount may be lawfully levied, he is not required to make a tender as a condition of obtaining equitable relief.  *Hutchinson v. City of Omaha*, 52 Neb. 345; *Harmon v. City of Omaha*, 53 Neb. 164; *Sioux City Bridge Co. v. Dakota County*, 61 Neb. 75; *Schneider v. Plum*, 86 Neb. 129.

In oral argument it was suggested that an injunction should not be granted for the reason that some of the owners of land in the irrigation district had paid the void assessments.  This, however, will not prevent the granting of equitable relief to those who resist unpaid void assessments.  The motion is sustained.  The decree of the district court is reversed to the extent of canceling the void taxes and granting an injunction to prevent the collection thereof.  In other respects the judgment is affirmed.

MODIFIED AND AFFIRMED.