ERNEST C. HODDER ET AL., APPELLANTS, v. LARS OLSON, APPELLEE.

FILED MAY 4, 1918. No. 19885.

New Trial: UNAVOIDABLE CASUALTY. The facts are stated in the opinion, and *held* sufficient to sustain the judgment of the district court.

APPEAL from the district court for Keith county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Jacob Fawcett* and *E. C. Hadder,* for appellants.

*Wilcox & Halligan, contra.*

MORRISSEY, C. J.

Plaintiffs brought this action under subdivision 7, sec. 8207, Rev. St. 1913, for a new trial. There was judgment for defendant, and plaintiffs appeal.

Plaintiffs are the owners of a half section of land in Keith county. In June, 1905, defendant bought this land at private tax sale for the years 1894 to 1903, in-

clusive, and subsequently paid the tax assessed for the years 1905 and 1906, and in 1907 brought suit to foreclose the tax lien. The major part of the tax paid was "irrigation tax." There was then pending in the federal court an action involving the organization of the irrigation district, the validity of the bonds issued, and the validity of the taxes assessed against the lands within the district. A number of other actions were pending in the state courts raising the same questions. Olson's foreclosure suit, together with other suits of the same character, were continued to await the outcome in the cases just mentioned. July 11, 1914, this court rendered a decision (*Orcutt v. McGinley,* 96 Neb. 619) holding the tax a valid lien upon the land within the irrigation district. Subsequently a motion for rehearing was overruled, and a mandate issued to the district court to carry the judgment into effect. After the mandate had issued, a second motion for rehearing was filed in this court. While this motion was pending, the district court for Keith county convened in regular session and entered a decree in the case then pending wherein Olson sought a foreclosure of his tax lien against the lands owned by defendants. Decree was entered in the sum of $2,084.73, and it was ordered that an order of sale be not issued for 90 days after the entry of the decree. After the adjournment of the October term of court for Keith county, this court sustained the second motion for rehearing in the case of *Orcutt v. McGinley, supra.* The court set aside its former judgment to the extent of holding the irrigation tax void. 97 Neb. 762.

Plaintiffs' petition is based upon the action of the court in setting aside its judgment entered in *Orcutt v. McGinley,* 96 Neb. 619, and entering the judgment found in 97 Neb. 762. In the instant case the district court found that, at the time the decree was entered for a foreclosure of Olson's tax sale certificate, "there was no dispute between the parties as to the amount due, but there was some dispute as to the rate of interest. De-

fendant contended that the rate was 10 per cent., while plaintiff contended for the statutory rate. After some discussion among themselves, the plaintiff agreed to accept 10 per cent., and the decree was by the court entered accordingly."

Olson now contends that all parties had full knowledge of the filing of the second motion for rehearing; but, realizing the uncertainty of litigation, Olson consented to a decree for several hundred dollars less than the amount which would be due if the full statutory rate were figured, and also agreed that the issuance of the order of sale might be deferred for 90 days, and that plaintiffs Hodder consented to this decree because they did not believe the second motion for rehearing would be allowed, or the former judgment of the court reversed, and were desirious of securing this reduction in the amount of interest, as well as of securing an extension of time within which to make payment. The trial court found: "There is no newly discovered evidence. * * * The court is satisfied that the surprise 'unavoidable casualty or misfortune' shown in this case is not the unavoidable casualty or misfortune contemplated by the statute."

It is not necessary to review at length the evidence. It shows that the plaintiffs and all parties interested knew, on October 26, 1914, that a second motion for rehearing was pending in the case of *Orcutt v. McGinley, supra.* Plaintiff Ernest C. Hodder is a practicing attorney. He appeared for himself and his co-plaintiff. It is evident that he believed this court would adhere to the judgment formerly entered, and he made what appeared to be an advantageous settlement. Had this court adhered to the judgment entered, he and his co-plaintiff would have profited several hundred dollars by the settlement. When the court set aside its former judgment and held the taxes void, the decree placed him at a disadvantage, but the statute was not calculated to grant relief to parties who merely make a mistake of

judgment with full knowledge of all the facts. The district court is correct in finding that "unavoidable casualty or misfortune" has not been shown.

It is argued on behalf of plaintiffs that, if relief is not granted in this proceeding, plaintiffs will be compelled to pay this judgment, based upon a void tax, and their property will be again subjected to a tax to pay the irrigation bonds, thus subjecting their land to double taxation. Defendant argues that if plaintiffs are granted the relief sought, and the decree set aside, defendant will have no redress and the money invested in these tax certificates will be a total loss. Defendant also points out what he regards as an equitable remedy for plaintiffs Hodder, arguing that the money paid by Olson to the county treasurer was in turn paid to the irrigation district; that the district has had the benefit of this money; and that a court of equity will grant plaintiffs relief in a proper action. These questions are not before us, and we do not pass upon them.

The judgment of the district court is sustained by the evidence, and is                           AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.