COMMODORE C. BIGGERSTAFF, APPELLEE, V. CITY OF BROKEN BOW ET AL., APPELLANTS.

FILED APRIL 10, 1924. No. 22672.

**Municipal Corporations:** SPECIAL ASSESSMENTS: INJUNCTION. The collection of "special assessments for improvements" made under the provisions of section 4286, Comp. St. 1922, will not be enjoined for lack of jurisdiction in the board making the levy because of mere technical irregularities in the manner of making the same. The board will be held to have acquired jurisdiction to make the assessment when it has substantially complied with the statute.

APPEAL from the district court for Custer county: BRUNO O. HOSTETTLER, JUDGE. *Affirmed in part, and reversed in part.*

*N. T. Gadd,* for appellants.

*Beal & Wilson, contra.*

Biggerstaff v. City of Broken Bow.

· Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., and ELDRED, District Judge.

· MORRISSEY, C. J.

This action was brought in the district court for Custer county by plaintiff to restrain the collection of a special assessment made against a parcel of ground in the city of Broken Bow, which is owned by plaintiff. The court found that the assessment was void and restrained its collection.

Broken Bow is a city of the second class, having less than 5,000 population, and the statute relating to special assessments which controls the points presented here, is section 4286, Comp. St. 1922. This statute, among other things, provides: "Such assessment shall be made by the council or board of trustees at a special meeting, by a resolution fixing the valuation of such lot assessed, taking into account the benefits derived or injuries sustained in consequence of such contemplated improvements, and the amount charged against the same, which, with the vote thereon by yeas and nays, shall be spread at length upon the minutes." The council of defendant city adopted a resolution which does not strictly conform to the provisions of the statute quoted, in that no valuation of the property was made, nor is any mention made of any "injuries sustained." Did the failure to fix a valuation upon plaintiff's lot and to make special mention of injuries, if any, constitute a jurisdictional defect in the proceedings, or are they irregularities merely?

The council found the value of the improvement. To be an improvement it must necessarily be in excess of the injury, if any injury there be, but the record fails to show anything in connection with this improvement which could possibly be regarded as an injury.

We are cited to the case of *Schneider v. Plum*, 86 Neb. 129, where the collection of a special tax was enjoined because of the failure of the village board to comply with the statute. However, in that case the failure was of a different character from that shown by this record. There, there was no finding of benefits, but there was an arbitrary as-

sessment against plaintiff's property of the cost of the improvement. In the instant case there is a finding of the value of the benefits, and that plaintiff's property is benefited in the amount levied thereon. As pointed out in that case, the proper inquiry is not as to the cost of the improvement, but as to the benefits accruing to the property against which the assessment is to be made, and the city council has pursued the proper steps in this respect. Where the board has acquired jurisdiction by substantial compliance with the statute, mere irregularities in the proceedings will not render the assessment void. *Darst v. Griffin*, 31 Neb. 668.

As indicated by the opinion in *Schneider v. Plum, supra,* it is not required that the council's record shall be faultless, especially against a collateral attack such as this. The board will be held to have acquired jurisdiction when it has substantially complied with the statute. *Chicago & N. W. R. Co. v. City of Albion*, 109 Neb. 739.

From what has been said it follows that the court was in error in entering the decree restraining the collection of the tax. There was another branch of the case in which the court found in favor of the city. The defeated party has not taken a cross-appeal and this question is, therefore, not before us for review.

The judgment of the trial court is reversed in so far as it restrains the collection of the tax, and in all other respects it is affirmed.

AFFIRMED IN PART, AND REVERSED IN PART.

Note—See Municipal Corporations, 28 Cyc. p. 1185.