WILLIAM WHITLA, APPELLEE, V. T. H. CONNOR ET AL., APPELLANTS.

FILED APRIL 9, 1926. No. 23929.

1. Municipal Corporations: TEMPORARY SIDEWALKS. Sections 4180, 4283, 4285, and 4329, Comp. St. 1922, considered and *held,* that section 4285 governs the construction of temporary walks on ungraded and unimproved streets; that sections 4180 and 4283 do not apply in such case; that an ordinance directing the con-

Whitla v. Connor.

struction of such walk may be enacted by a majority vote of such village board, under section 4329.

2. ———: SPECIAL ASSESSMENTS: IRREGULARITIES: WAIVER. Technical "errors, irregularities and inequalities in the making of special assessments or in proceedings prior thereto, not raised by proper objection before the city council (in this case the village board), are waived." *Chicago, R. I. & P. R. Co. v. City of Centerville,* 172 Ia. 444.

3. ———: ———. "It is neither required nor necessary that the amount of special benefits assessed against each lot in a paving district bear any proportionate relation to the actual value of the lot." *Chicago & N. W. R. Co. v. City of Albion,* 109 Neb. 739.

4. ———: VILLAGE BOARDS: SIDEWALKS: BURDEN OF PROOF. The action of the village board in ordering sidewalk placed, and providing that cost thereof shall be assessed upon the abutting lot, is a legislative determination that the improvement is expedient and proper, and that such property will be benefited by reason thereof, and such determination cannot be denied its effect in a judicial proceeding, in a case where it was within the board's power to so act. And one challenging its authority carries the burden of alleging and proving the invalidating facts.

APPEAL from the district court for Boyd county: ROBERT R. DIXON, JUDGE. *Reversed, with directions to dismiss.*

*Byron Clark, Jesse L. Root* and *John A. Davies,* for appellants.

*W. T. Wills, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

In this suit the appellee, hereinafter called plaintiff, seeks to enjoin the collection of a special assessment imposed by the village board of Butte, its officers and the county treasurer of Boyd county. Trial to the court, judgment for plaintiff, and defendants appeal, which appellants will hereinafter be designated as the village.

As reflected by the record, the facts necessary for our

consideration are as follows: The village is one of about 600 inhabitants; the plaintiff is the owner of the lot in question, which is situated on an unimproved street in such village; the ordinance in question was duly passed and approved as an ordinance providing for the construction of temporary sidewalks generally in the village of Butte, treating the entire village as one district, under section 4285, Comp. St. 1922, as we find this to be. So much of such ordinance, material for our consideration, is:

"If the owner, his agent or the person occupying such lot, shall fail or neglect to construct such sidewalks within thirty days after notice shall have been served upon him or her, it shall be the duty of the street commissioner of said village, to construct said sidewalk and furnish the board of trustees of said village an itemized statement of all expenses incurred in building said sidewalk, and such expenses shall be assessed against said property and collected in the manner provided by law."

The provision in this ordinance in reference to the law was approved by us in *Broghamer v. City of Chadron,* 107 Neb. 532.

In pursuance of this ordinance an order, duly promulgated by the village board, was served on the plaintiff, requiring him to construct a sidewalk of stone, cement or brick in front of the lot in question. Plaintiff failed to comply with this order, and thereupon the street commissioner laid the walk at an expense totaling $129.20, and furnished the village board with an itemized statement of such expense incurred, which was assessed against the lot and duly certified to the village treasurer for collection, and, not being paid, was by him certified to the county treasurer.

The plaintiff relies on section 4283, Comp. St. 1922, and contends that, as the provisions of such section were not complied with, the claimed assessment is void. However, in the answer of the defendants it is alleged: "That the sidewalk so constructed was a temporary walk upon the natural surface of the ground without regard to grade, on a street not permanently improved, and that the ordinance

and proceedings thereunder so had and taken by the defendants substantially comply with the requirements of the statute governing the construction of sidewalks, and that the lien on said lot of plaintiff for such special improvements is a valid and subsisting lien thereon." No reply was filed to this answer, hence the part thereof above quoted stands. admitted, except as to the conclusion as to the lien, and the case was so tried. Thus, the issues were limited to section 4285, Comp. St. 1922, and not to 4283 thereof. Section 4285 reads as follows: "To provide for the laying of temporary plank, brick, stone or concrete sidewalks, upon the natural surface of the ground, without regard to grade, on streets not permanently improved, at a cost for plank walks not exceeding fifty cents a linear foot, or for brick, stone or concrete walks not exceeding one dollar and twenty-five cents a linear foot and to provide for the assessment of the cost thereof on the property in front of which the same shall be laid."

In *Gibson v. Troupe*, 96 Neb. 770, we held in substance that section 4285, Comp. St. 1922, governs the construction of temporary walks on ungraded and unimproved streets; that sections 4283 and 4180 do not apply in such case; further, that an ordinance directing the building of such walks, not being of a general or permanent nature, may be enacted by a majority vote of the council or village board, as provided in section 4329.

The record discloses that, after the enactment of the ordinance and before the assessment was made, the plaintiff lodged with the village board a remonstrance against such assessment as follows:

"Ordinance No. 59 is of no force or effect, having been introduced, read the first, second and third times and passed at one meeting, with but three members present, contrary to law. No petition signed by three-fifths of the residents of said street along which sidewalk has been constructed was ever signed or presented to this village board asking for the construction of said sidewalk." As to this remonstrance, a hearing was duly had and the board denied the

same, and found, as shown by its records: "That whereas due notice of this meeting has been given to Mr. Whitla as required by law, and after considering the benefits derived and the cost of such improvement in consequence of the construction of a sidewalk along said lot, therefore be it resolved by the village board of trustees of Butte, Nebraska, that for the purpose of paying the cost thereof there be and there hereby is levied upon the following described lot (the one in question) the amount set after said tract to be known as special tax for improvements, and to be charged and collected as other village taxes: 'William Whitla, lot 6, block 21, Butte Village Orig., $129.20.'"

Thus, it will be seen that the board considered the benefits derived, and that the same was an improvement to the property affected. As we said in *Biggerstaff v. City of Broken Bow,* 112 Neb. 4: "The council found the value of the improvement. To be an improvement it must necessarily be in excess of the injury, if any injury there be, but the record fails to show anything in connection with this improvement which could possibly be regarded as an injury" to the lot. The other questions as to the injury herein raised are also considered by our holding in the case last cited.

While the ordinance fails to detail what is meant by "such expense shall be assessed against said property and collected in the manner provided by law," reference to the statute in lieu of embracing its provisions in the ordinance was not more than an irregularity; and as we said in *Biggerstaff v. City of Broken Bow, supra:* "Where the board has acquired jurisdiction by substantial compliance with the statute, mere irregularities in the proceedings will not render the assessment void," citing *Darst v. Griffin,* 31 Neb. 668. And it was further said: "As indicated by the opinion in *Schneider v. Plum, supra* (86 Neb. 129), it is not required that the council's record shall be faultless, especially against a collateral attack," as in this case. Substantial compliance with the statute is all that is demanded where jurisdiction has been acquired. Jurisdiction to enact

such an ordinance is without question vested in such village board.   Section 4329, Comp. St. 1922.   And, as we held in *Chicago & N. W. R. Co. v. City of Albion,* 109 Neb. 739: "It is neither required nor necessary that the amount of special benefits assessed against each lot in a paving district bear any proportionate relation to the actual value of the lot."

As held by us in *Broghamer v. City of Chadron, supra:* "Ordinarily the propriety of the plan of apportionment of the tax and the necessity of expenditure for those things which might, within the discretion of the board, have been considered by it essential and incidental parts of the main project will not be reviewed on error, where the complaining parties did not appear before, nor make objections to, the board, since the board is entitled to a fair opportunity while it is in session to avoid error and to meet such objections."

The evidence received at the hearing on plaintiff's remonstrance was not preserved, and an error proceeding from the action of the board thereon was not taken.   It will be seen that, while plaintiff appeared before the board, the objections he presents here, to wit; that by reason of such plan plaintiff was discriminated against, that the assessment was greater than the benefits, and that an injustice to plaintiff was being done, were not lodged with the board at such hearing.   Thus, if proceedings in error had been had, such challenges to the procedure of the board could not have been considered.   And, further, we held in *Webster v. City of Lincoln,* 50 Neb. 1: "As a general rule, a proceeding in error to review the order of a board of equalization, in a matter within its jurisdiction, will afford an adequate remedy."   And in substance, in an action such as we are considering, when it is claimed a remedy by error proceedings would be inadequate, the facts upon which claim is based must be pleaded and proved.   The pleadings herein raise no such issue.

In *Weaver v. Palmer Brothers Co.,* United States supreme court, 46 Sup. Ct. Rep. 320, it is said: "Legisla-

tive determinations expressed or implied are entitled
to great weight; but it is always open to interested parties
to show that the legislature has transgressed the limits of
its power. *Pennsylvania Coal Co. v. Mahon*, 260 U. S. 393,
413. Invalidity may be shown by things which will be
judicially noticed (*Quong Wing v. Kirkendall*, 223 U. S.
59, 64), or by facts established by evidence. The burden
is on the attacking party to establish the invalidating facts.
See *Minnesota Rate Cases*, 230 U. S. 352, 452."

In the *Minnesota Rate Cases, supra*, it is held: "This
court does not sit as a board of review to substitute its
judgment for that of the legislature or of the commission
lawfully constituted by it, as to matters within the province
of either." See *State v. Cornell*, 53 Neb. 556.

Our holdings in *State v. Lancaster County*, 4 Neb. 537,
and *State v. Dodge County*, 8 Neb. 124, are illuminating and
instructive as to the matters here under consideration. In
the former, it is held: "The taxing power vested in the
legislature is without limit, except such as may be pre-
scribed by the Constitution itself." And further: "The
maxim, *expressio unius est exclusio alterius*, does not apply
in the construction of constitutional provisions regulating
the taxing power of the legislature." In 8 Neb. 124, *supra*,
the above rules were affirmed, and this court further added,
quoting from *State v. Lancaster County, supra:* "And so
in an inquiry as to whether a statute is constitutional, it
is for those who question its validity to show that it is
prohibited." And further: "The authority of the legis-
lature to vest cities, towns, and villages with power to make
local improvements by special taxation of property ben-
efited, is not a grant of power. The authority already
existed, and the Constitution merely prescribes the rule by
which taxes shall be apportioned."

As stated in *Chicago, R. I. & P. R. Co. v. City of Center-
ville*, 172 Ia. 444, which case is cited with approval in
*Broghamer v. City of Chadron, supra:* "Speaking gener-
ally, there is a fair presumption that all real estate receives
some degree of benefit from the permanent (or temporary)
improvement of a street upon which it abuts. It is upon

Whitla v. Connor.

such presumption that the whole system of special assess-
ments for local improvements is justified and sustained.
Acting upon such presumption, city councils have been
clothed with a certain degree of legislative power to de-
termine when it is expedient and proper to pave any given
street or streets, and to provide, within certain limitations,
how the cost thereof shall be defrayed.    *    *    *    In other
words, the action of the council, in ordering the pavement.
and providing that the cost be assessed upon the abutting
property, is a legislative determination that the improve-
ment is expedient and proper, and that the property
abutting upon the improvement will be benefited thereby;
and such determination cannot be set aside or overruled in
a judicial proceeding.    *    *    *    In other words, while the
owner of abutting property may object that it has been
over-assessed, he cannot, if the proceedings have otherwise
been regular, be heard to say that it is not liable to be
assessed at all."

It is also contended on the part of plaintiff that section
4285 contravenes section 6, art. VIII of our Constitution.
That part of such section 6 applicable here is as follows:
"The legislature may vest the corporate authorities of
cities, towns and villages with power to make local im-
provements by special assessment, or by special taxation of
property benefited."    It will be seen that this constitutional
provision leaves the mode of its application to the judgment
of the legislature and the legislature has provided the man-
ner by section 4285.    The record does not disclose any
laches of commission or omission on the part of the village
board in this regard, as it is without allegation or proof
of the size of this lot, or of a lack of uniformity as to the
levy made, or even that the charge made was not reasonable
and usual.    Plaintiff only says he could have placed the
walk at a less expense.    After legal notice given, he had
for more than a year a free hand but did not avail himself
of the opportunity.

The judgment of the trial court was undoubtedly based
on a consideration of the requirements of section 4283,

Comp. St. 1922, instead of section 4285 thereof, which latter section we find is the one applicable to the issues joined, as well as to the facts reflected by the evidence.

For the foregoing reasons, the judgment of the trial court is reversed, and the action ordered dismissed at plaintiff's costs.

REVERSED AND REMANDED.

Note—See (4) 28 L. R. A. (n. s.) 1168; 25 R. C, L. 140; 3 R. C. L. Supp. 1406; 4 R. C. L. Supp. 1572; 5 R. C. L. Supp. 1312.