DIXON COUNTY, PLAINTIFF IN ERROR, v. E. E. HAL-STEAD, DEFENDANT IN ERROR.

23  697
57  679

1. Taxes: UNITED STATES BONDS. United States bonds are not taxable under the laws of this state. Certain U. S. bonds were purchased on the 3d day of March, 1886, by a private banker, who, on the 17th day of May, of that year, claimed the same as exempt from taxation. The board of equalization having imposed taxes on the bonds, *Held*, That the evidence before such board failed to show that the bonds were purchased as a means of evading taxation.

2. ———: ———: PURCHASE FOR PURPOSE OF EVADING TAXA-TION. Where a private banker, about a month before the time fixed by law for the assessment of property, converted his assets into United States bonds, *Held*, That if the change in the character of the funds was merely temporary—the object being to escape taxation—that such assets would be liable to be taxed,

and that the question of the *bona fides* of the transaction was one of fact for the jury to determine.    *Jones v. Seward Co.*, 5 Neb., 561.

3. ———: ASSESSMENT:    EQUALIZATION.    A private banker, in returning a list of his property to the assessor, claimed as exempt from taxation certain United States bonds, giving their numbers and denomination, to which the assessor made no objection at the time, but after the 1st day of June of that year added the value of said bonds to the assessment list of said bank, and called the attention of the board of equalization to the fact. Notice was thereupon served on the bank, which appeared and contested the right to increase said assessment.    Evidence was taken for and against said claim, and the increase in the assessment ordered by said board, which order was reversed by the district court.    *Held*, That the charge made by the assessor was in the nature of a complaint, and made by a competent party, and that evidence was properly received in support of the complaint, but that the evidence did not warrant the order of the board of equalization.

4. ———: ASSESSMENT.    Where an assessment has been duly made and returned, the property owner may rest securely upon such assessment unless a complaint is filed against him before the board of equalization, and evidence given in support of the complaint tending to show that his assessment should be increased.

ERROR to the district court for Dixon county.    Tried below before CRAWFORD, J.

*W. F. Norris* and *J. J. McAllister*, for plaintiff in error.

*W. E. Gantt*, for defendant in error, cited :    *Jones v. Seward County*, 5 Neb., 561.    *Lynam v. Anderson*, 9 Id., 376.    *Sumner & Co. v. Colfax County*, 14 Id., 524.

MAXWELL, J.

In May, 1886, the defendant returned to the assessor of Ponca, Dixon county, " The amount of bonds and stocks of every kind, state and county warrants, and other municipal securities, and shares of capital stock of joint stock, or other companies or corporations held as an in-

vestment in any way representing assets, the sum of $16,336.16," and also returned the amount of bonds and other securities exempt by law from taxation, specifying the amount and kind of each, the same being included in the preceding fifth item, as follows:

"Nos. 66759                                12050 @ 126 $15,183
      39976
      61797                          Nos.  66168
      5748                                37969
      38902                               120770 } $1,000 each.
      49974                                81047
      62502 } $500 each.                  220151
      49494
      18071
      64694    U. S. 4% Bonds.
      45438
      14247
      28832                              No. 16423 $50."
      29946

The statement was duly sworn to by the defendant, and delivered to the assessor. The assessor raised no objections to the list, but seems to have returned the same with the other lists to the county clerk. About that time—whether before or after returning the lists is not clear, the assessor added $12,050 to the defendant's assessment, and notified the board of equalization of the fact. On the 8th of June, 1886, the board of equalization of the village of Ponca notified the defendant to appear and show cause why his assessment should not be raised $12,050, the amount added by the assessor. In answer to this notice, the defendant appeared and contested the right of the board to increase the assessment as proposed by the assessor. A considerable amount of testimony was taken before the board, from which it clearly appears that the defendant did possess the bonds described in the assessment list at the time of the assessment, and that he actually produced them before the board. Upon these points there is no dispute. The board found that the defendant had not purchased the

bonds in good faith, but as a means of evading taxation; hence, that the bonds were taxable; and this ruling was unanimously affirmed by the board of supervisors of Dixon county. The case was then taken on error to the district court, where the order of the board of supervisors was reversed, from which judgment the county brings the cause into this court by petition in error.

It is the policy of the law of this state to impose taxes on every species of property not specifically excepted from taxation by the constitution. As all property is protected by law, it is but just that it should bear its share of the expense of supporting the government which protects it. This state, however, has no power to impose taxes upon United States bonds, as they are exempt under the United States statute. With the justice or propriety of such exemption we have nothing to do. The propriety, also, of conducting a bank upon non-taxable securities is somewhat doubtful, as it would seem to be only justice that capital protected by the law should share in the burden incurred for such protection. It is clearly shown, however, that on the 3d day of March, 1886, the defendant purchased the bonds in question, and that he still possessed them in June of that year; and for aught that appears, is still the owner thereof. There is not a particle of testimony in the record from which it can reasonably be inferred that the defendant purchased the bonds in question with the intention of selling the same after the time for assessing property had passed. There is some inference of that kind, perhaps, from the fact that the bonds were purchased but a short time before the time of assessing property, but that alone is not sufficient to show bad faith. Any evasion of that kind, to enable a party to escape his just proportion of the taxes imposed by law, should be frowned upon by the courts, and a party not permitted to shelter himself behind such temporary change in the character of his funds. The question whether

such change is temporary or permanent, no doubt, is proper to submit to a jury to determine the fact from the evidence in the case. And as the judgment was reversed in the district court, the case now stands for trial on the question of fact in that court, if either party so desire. *Jones v. Commissioners*, 5 Neb., 561.

The assessor of Ponca precinct had no authority to increase the amount of the assessment after the 1st day of June, 1886, and probably did not design to do so on his own authority, but merely to make a charge upon which the board of equalization could act. The charge thus became a complaint against the defendant, made by a competent party. The board of equalization thereupon served a notice upon the defendant of the filing of the complaint, and a considerable amount of testimony was taken, both against him and in his favor, but, in our view, the evidence fails to show that the investment in United States bonds was made as a temporary expedient, for the purpose of evading taxation. If it should be made to appear that the bonds were sold soon after the adjournment of the board of equalization, it would be a circumstance tending to show want of good faith in the defendant.

Where property has been duly assessed, the owner may rest securely upon the valuation so fixed, until a case is established authorizing an addition to the assessed valuation of such property. The assessor acts in a judicial capacity in making an assessment of property. The law presumes that he will do his duty faithfully, fearlessly, and impartially; therefore, to authorize the board of equalization to increase the assessment of an individual, a complaint must be made and testimony taken upon the same, authorizing such increase. Otherwise the board will have no power. *State v. Dodge County*, 20 Neb., 595. *People v. Reynolds*, 28 Cal., 111. *People v. Flint*, 39 Id., 670. *People v. Goldtree*, 44 Id., 323. As the testimony in this case would not warrant the board of equalization in increasing

the assessment of the defendant, the judgment of the district court is right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.