GEORGE J. WOODS ET AL. V. LINCOLN GAS & ELECTRIC LIGHT COMPANY.

FILED OCTOBER 5, 1905.    NO. 13,905.

1. **Taxation:** VALUATION BY ASSESSOR: PRESUMPTION. The valuation of property made by the proper assessing officer is presumed to be correct, and the burden is upon those attacking the same before the board of equalization to show that it should be assessed at a higher rate.

2. **The findings** of a board of equalization must be so manifestly wrong that reasonable minds could not differ thereon before this court will disturb them. *Field v. Lincoln Traction Co., ante,* p. 418.

ERROR to the district court for Lancaster county: ED-WARD P. HOLMES, JUDGE. *Affirmed.*

*Allen W. Field* and *A. S. Tibbets,* for plaintiffs in error.

*H. F. Rose* and *E. C. Strode, contra.*

LETTON, C.

This is a proceeding in error to review the judgment of the district court for Lancaster county in affirming the action of the city council of the city of Lincoln, sitting as a board of equalization, in assessing the value of the personal property of the Lincoln Gas & Electric Light Company for the year 1902. The manager of the company made a return to the assessor that the value of its personal property was $175,000. This was increased by the tax commissioner of the city to $300,000. Objections were filed to this assessment with the board of equalization and a hearing had thereon. The board of equalization found that the value as fixed by the tax commissioner was correct, and the district court found no error in the proceedings.

At the outset of the discussion we deem it advisable to say that this court will not usurp the functions of the

tribunals created by law for ascertaining the fair cash value of property for taxation, and will not constitute itself a taxing board or board of equalization. It will examine the errors assigned in the proceedings of the district court in the same manner and to the same extent as in other error proceedings, and the same presumptions will be applied as in other cases. If the evidence is sufficient to support the judgment of the inferior tribunal it will not be disturbed, even though our view of its effect should differ from that of the board of equalization.

A number of errors were made in the admission of evidence before the board of equalization, but in the view we take of this case it is needless to discuss them. The main question in the case is whether or not sufficient evidence was introduced before the board of equalization to warrant that body in changing or modifying the assessed valuation returned by the tax commissioner. We have said that a verdict will not be set aside on the ground of want of sufficient evidence to support it, unless the want is so great as to show that the verdict is manifestly wrong (*Sycamore-Marsh Harvester Co. v. Grundrad,* 16 Neb. 529) ; and so with the findings of the board of equalization, these must be so manifestly wrong that reasonable minds could not differ thereon before this court will disturb them. *Field v. Lincoln Traction Co., ante,* p. 418. The valuation made and returned by the tax commissioner is presumed to be correct, and the burden was upon the complainants before the board of equalization to show that the property of the corporation should have been assessed at a higher rate.

The evidence which was relied upon by the complainants consisted mainly of certain facts with reference to bond issues made by the company. It seems that the present corporation was formed as the result of a reorganization of the persons interested in a former corporation named the Lincoln Gas & Electric Company; that an issue of bonds and capital stock of this company

was surrendered at a discount to a reorganization committee, who issued bonds and stock of the present corporation in lieu thereof. There are now outstanding bonds of this company to the par value of $1,052,000. The testimony upon this branch of the case offers no definite basis upon which to estimate the actual value of the personal property of the corporation. The defendant introduced testimony with reference to the value of certain stocks of merchandise in the city of Lincoln for the purpose of comparison, and also testimony as to the amount it would cost to replace the entire property of the corporation within the city. But, taking the whole evidence together, there is not sufficient data furnished by either party upon which to base a reasonable estimate of the value of this property. This being the case, the determination made by the tax commissioner and the board of equalization must stand.

It may be said that the principal officers of this corporation are nonresidents of the state; that the books and papers from which accurate knowledge might be obtained of the cost or value of the plant were not within the jurisdiction of the board of equalization, and that the resident officers betrayed a remarkable degree of ignorance with reference to the corporate affairs. The errors committed in the admission of evidence were not prejudicial to the complainants, since, taking all the evidence that was furnished in the case, there is not sufficient to justify this court in reversing the judgment of the district court.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.