NEBRASKA TELEPHONE COMPANY V. HALL COUNTY.

FILED JANUARY 3, 1906.   No. 14,102.

1. **Taxation: EQUALIZATION: APPEAL.** On appeal from an order of a board of equalization in the matter of assessment of property for taxation, the cause must be tried on the questions raised by the complaint before that tribunal.

2. **Corporations: ASSESSMENT.** The value of the tangible property of an express, telephone or telegraph company, apart from its gross receipts for the year prior to the time of the assessment and its franchise, or right to carry on its business, does not furnish the true value of its property for taxation. Such value should be ascertained from a consideration of all of the aforesaid items taken together, and by treating the corporation as a going concern.

ERROR to the district court for Hall county: JOHN R. HANNA, JUDGE. *Affirmed.*

*W. W. Morsman* and *W. H. Thompson,* for plaintiff in error.

*R. R. Horth* and *A. C. Mayer, contra.*

BARNES, J.

The Nebraska Telephone Company furnished the assessor of Hall county a schedule of its property for taxation for the year 1904, which contained a list of all its tangible property and its gross receipts for the preceding year in each of the several precincts of that county. The assessor duly listed its property and valued it and assessed the same for taxation, using the schedule so furnished him as his basis therefor. On the 13th day of June, 1904, the company filed its protest and complaint against the said assessment with the county board of equalization. The sole ground of the complaint was that the value of its property was excessive, and the prayer was for a reduction of the assessment to an amount

therein stated. On the 15th of June a hearing was had before the board. The complaint was overruled, and it was ordered that the assessment complained of should stand and be taken as the value of the complainant's property for the purpose of taxation. The company appealed to the district court for Hall county, where the case was tried and the order of the board was affirmed. To reverse that judgment the company brings error, and will hereafter be called the plaintiff.

1. The plaintiff's first contention is that the court erred in overruling its request to amend its petition so as to allege that there was a mistake in its schedule in the number of poles returned in the city of Grand Island and the village of Wood River, and in not receiving the evidence offered to prove such mistake. It appears that the plaintiff first offered its evidence tending to prove that the number of poles returned in its schedule was greater than the true number. Objection was made that such evidence was incompetent under the pleadings and the issues made thereby. The plaintiff thereupon asked leave to amend its petition so as to raise that question. Objection was then made that such amendment would change the issues presented to and passed upon by the board of equalization, and would present a question not in issue before that tribunal. The court sustained the objection, and it would seem that his ruling was correct. The rule that a case must be tried on the same issues as in the lower court, on appeal from the justice's or county court, should prevail on the trial of a case appealed from the order of the county board or board of equalization. But we are not required to invoke that rule in this case, for the section of the statute granting appeals from the order of the board of equalization provides: "The court shall hear the appeal as in equity and without a jury, and determine anew all questions raised before the board which relate to the liability of the property to assessment, or the amount thereof." Comp. St. 1905, ch. 77, art. I, sec. 124 (Ann. St. 10523). This language

clearly limits the inquiry in the district court to the
questions raised before the board of equalization; and
the reason for the limitation is obvious. If a taxpayer
could present a question to the board which was without
merit, and, after a determination of that question against
him, could appeal to the district court and there present
another and different question, a meritorious one, which
required a different ruling, he could always overturn the
assessment, and thus escape taxation of his property
altogether. So we are of opinion that the motion or re-
quest to amend was properly denied.

2. The plaintiff next claimed that the amount of its
gross receipts for the preceding year contained in its
schedule represented and fixed the value of its franchise
for the purpose of taxation, and offered to prove the
value of its tangible property, consisting of poles, wire,
cable, instruments and office fixtures contained in its
central offices in Grand Island and Wood River, on the
assumption or basis that it had no franchise whatever,
and no right to do business in those places. The court
refused to receive the evidence, and declined to adopt
that method of fixing the value of the plaintiff's property,
and it is now urged that such ruling was reversible error.
The question is no longer an open one in this state. In
*Western Union Telegraph Co. v. Omaha,* 73 Neb. 527,
decided since this cause was submitted, it was expressly
held that the gross receipts of express, telephone and tel-
egraph companies during the year prior to the time of
the assessment, taken alone, is not a reasonable or proper
method of ascertaining the value of the franchises of
such corporations. And so much of section 77, article I,
chapter 77, Compiled Statutes 1903, (Ann. St. 10476), as
provided that such gross receipts shall represent the fran-
chise valuation of the corporation, which shall not be
otherwise assessed, is unconstitutional and void. It was
further held in that case that such gross receipts should
be considered as an item in estimating the value of the
corporate franchise. It would seem that, in estimating

the value of the property of such corporations for the purpose of taxation, its tangible property, such as poles, wire, cable, instruments, office fixtures and appliances, its gross receipts, and its intangible property, to wit, its franchise, or right to do business in the taxing district, should all be considered; and, from all these items taken together as a going business, the value of the corporate property should be determined.

So we are of opinion that the ruling of the district court excluding the evidence thus offered was correct. This sufficiently disposes of plaintiff's contentions and determin~~ all of the questions herein presented for review.

We find no reversible error in the record, and the judgment of the district court is therefore

AFFIRMED.