LINCOLN TRANSFER COMPANY, APPELLANT, v. COUNTY
   BOARD OF EQUALIZATION OF LANCASTER COUNTY,
   APPELLEE.

FILED JANUARY 17, 1907.   No. 14,499.

1. Taxation: LISTING PERSONALTY. By the provisions of section 28,
   art. I, ch. 77, Comp. St. 1903, every person in the possession and
   control of personal property in this state, either as agent, trustee,
   bailee, or otherwise, is required to list the same for taxation,
   and return in the schedule furnished him by the deputy assessor
   a description of the property, the name or names of the owner
   or owners thereof, and its value.

2. Assessment: REFUSAL TO LIST. Where a warehouseman, in posses-
   sion and control of personal property as bailee for hire, fails to
   make the proper return thereof for assessment, and refuses to
   furnish the deputy assessor the name or names of the owner
   or owners, a description of such property, and the value thereof,
   and prevents him from examining the same, it is the duty of that
   officer to inform the assessor of such facts, and assess the prop-
   erty as goods under control of such warehouseman, by the best
   description he is able to make, and value the same according to
   his best judgment.

3. ———: SETTING ASIDE. Such an assessment will not be set aside
   on the application of one whose conduct has made it necessary.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Berge, Morning & Ledwith,* for appellant.

*James L. Caldwell, F. M. Tyrrell* and *Charles E.
Matson, contra.*

BARNES, J.

The appellant, the Lincoln Transfer Company, is a cor-
poration of this state, having a warehouse in the city of
Lincoln, Lancaster county, in which it carries on the busi-
ness of storing the personal property of individuals for
hire. The company retains a key to and a general control
over the building, and, while it stores the property on

the system of the rental of floor space, yet it is responsible to the owners for the safe-keeping of the goods so deposited, and exercises to that extent control of such goods. In the spring of 1904 the county assessor of Lancaster county assessed the appellant company $15,000 for goods and merchandise so held in storage. Thereupon the appellant filed a complaint with the county board of equalization as follows: "I hereby protest against the assessment of $15,000 as returned by assessor for household goods in storage with us, for the reason that we do not own these goods, and are not agents for the parties that do own them. Lincoln Transfer Company, by A. Urbahn, Treas." On a hearing of this complaint the board refused to change the assessment, and the transfer company thereupon appealed to the district court, where a trial resulted in a dismissal of its appeal and an affirmance of the action of the board of equalization.

The complaint lodged with the board limited the hearing before that tribunal to the following questions: First, the ownership of the property, which was never in dispute; and, second, whether the appellant held it in the capacity of agent for the owners thereof. These questions were quite immaterial, as we shall presently see, and we would be justified in affirming the judgment of the district court for that reason alone. *Nebraska Telephone Co. v. Hall County,* 75 Neb. 405. The discussion in this court, however, has taken a much wider range, and therefore we will decide the questions thus presented.

The evidence contained in the bill of exceptions, as found in the record herein, establishes the following facts beyond controversy: The schedule provided for by section 48, art. I, ch. 77, Comp. St. 1903, was furnished to appellant by the deputy assessor of Lancaster county on or about the 1st day of April, 1904. The appellant, thereupon, filled out such schedule, made affidavit thereto, and returned it to the assessor, but failed to list therein the property in question, or give any information to the assessing authorities in relation thereto. Thereafter the deputy assessor

called upon the appellant, and requested its officers to furnish him with a list of the names of the persons having such property in storage in its warehouse, and demanded an opportunity to examine said property. The appellant refused to furnish either the names of the owners of the property, or a list thereof, and also refused to allow the deputy assessor to enter the warehouse and examine the property at all. After repeated efforts to obtain such information the deputy assessor made return to the assessor of $15,000 of goods and merchandise held in storage by appellant. No claim was made, either before the county board or on the trial in the district court, that the property in question was assessed too high, but it was claimed, notwithstanding the refusal of the appellant to furnish the assessor any information upon which a proper assessment could be made, that the assessment in question was void, and that appellant was not liable for taxation upon the property so held by it in storage.

Section 28, art. I, ch. 77, Comp. St. 1903, provides: "Personal property shall be listed in the manner following: First, every person of full age and sound mind, being a resident of this state, shall list his moneys, credits, * * * and all other personal property. Second, he shall also list all moneys and other personal property invested, loaned or otherwise controlled by him as the agent or attorney, or on account of any other person or persons * * * whether in or out of the county." By section 40 of the same chapter, it is provided: "Persons required to list property on behalf of others shall list it in the same place in which they are required to list their own; but they shall list it separately from their own, specifying in each case the name of the person, company, or corporation to whom it belongs." The schedule furnished to the appellant, and by which it listed and returned its own property to the assessor for taxation, required it to make due return of the property in question, setting forth the facts in relation thereto, which would include, of course, the names of the owner or owners, together with a description of

such property, and the value thereof. Appellant failed to give such information by its schedule, and at all times thereafter refused to furnish it to the deputy assessor when called upon so to do. By the sections above quoted it was made the plain duty of appellant to furnish to the assessing officers a list of the goods in question, together with the names of the owners of such goods, and the value thereof. The statute is comprehensive in its terms, and it was the intention of the legislature by its enactment to render it impossible for any property in this state to escape taxation. That the property was under the control of the appellant is beyond question, and the statute is broad enough to require it to list it and furnish to the taxing authorities the information above set forth.

It is provided by section 55, art. I, ch. 77, *supra:* "In every case where any person shall refuse to make out and deliver to the proper deputy assessor the statement required under this act, or shall refuse to make and subscribe to any of the oaths or affirmations required, the deputy assessor shall proceed to ascertain the number of each description of the several enumerated articles of property and the value thereof, and such deputy assessor shall make a note of such refusal in a column opposite the person's name, and the county assessor shall add to such valuations, when returned by the deputy assessor, fifty per centum on the value returned." It appears from the evidence that the deputy assessor, acting under the provisions of this section, proceeded as best he could to ascertain the number and description of the articles of property in question; that he went further and attempted to ascertain the names of the persons to whom it belonged; that, being unsuccessful in these attempts, he made a statement of the facts to the assessor, and thereupon listed the property for assessment under such description as he was able to make, and fixed the valuation of it according to his best judgment. Such action resulted in the assessment complained of.

It is contended, however, on the part of the appellant,

that the proceedings above described were wholly void, and that the assessment should be set aside, and the property in question be permitted to escape taxation.   This contention cannot be sustained.   As above stated, the law is broad and comprehensive in its terms, and any one who has control of personal property situated in this state at the time it should be listed for taxation is required to either list it as his own, or as the property of the owner, giving a description of it, together with its valuation, and a statement of the facts relating to his possession or control.   This return should be made in the schedule furnished him by the assessor for the assessment of his own property.   This the appellant not only failed to do, but upon direct application by the deputy assessor it repeatedly refused to list the property, to furnish a list of the names of the persons owning the same, to give him any description of it, or fix any value thereon.   Nay, more, it prevented the taxing authorities from examining the property.   So there was nothing left for the deputy assessor to do except to return such general description of the property as he could, and place such value thereon as the facts, in his best judgment, warranted.   This was done, and upon this basis the property in question was assessed to the appellant as above stated.   It is contended that the evidence of A. Urbahn, appellant's treasurer, tends to show that at the time of the hearing before the board of equalization, and perhaps before that time, he offered to furnish a list of the property to the deputy assessor if he would go with him to the warehouse and examine the property.   This testimony, however, is disputed, and the evidence preponderates so strongly against this theory that we are unable to give it any credence whatever.

It is further insisted that, in any event, all the assessor could do was to add 50 *per centum* to the value of the property returned by his deputy; that this was not done, and therefore the assessment is void.   We are unable to understand how the appellant was in any manner injured by the failure of the assessor to add the penalty to the

assessed valuation of the property. Such leniency on his part certainly gave to appellant no cause for complaint.

In conclusion, appellant urges as a reason for setting aside the assessment that, if it is required to pay the tax based thereon, it will be unable to recoup itself out of the property of its patrons. In view of the position it has voluntarily assumed, and the course it has deliberately pursued, it is in no position to complain of the result of such conduct. It is disclosed by the evidence that appellant was simply carrying out its agreement with its patrons in relation to this matter of taxation, and it should be required to apply to them for relief.

In view of the evidence, we are unable to see how the district court could have arrived at any other conclusion, or have rendered any other judgment than a judgment of dismissal of the appeal, which, in effect, was an affirmance of the order of the board of equalization.

We are satisfied that the record contains no reversible error, and the judgment of the district court is therefore

AFFIRMED.