JOHN REIMERS ET AL., APPELLANTS, V. MERRICK COUNTY, APPELLEE.

FILED NOVEMBER 6, 1908. No. 15,288.

Taxation: EQUALIZATION: APPEAL. On an appeal to the district court from the decision of a county board of equalization, said court is without jurisdiction to consider any questions other than those presented to said board.

APPEAL from the district court for Merrick county: CONRAD HOLLENBECK, JUDGE. Affirmed.

O. A. Abbott and Patterson & Patterson, for appellants.

Elmer E. Ross and John C. Martin, contra.

ROOT, C.

Plaintiffs buy, feed and sell live stock, and were engaged in that business in Merrick county in 1906. April 14th of that year they purchased 162 steers in Colorado, and received said stock on their farm in said county on the 19th of said month. Five days thereafter the county assessor, while listing and assessing plaintiffs' personal property, insisted that said steers be included in said assessment. Plaintiffs acceded to said demand, with the oral reservation that they might appeal to the county board of equalization for relief. Thereafter plaintiffs filed with said board a written protest objecting to the assessment of said property upon the sole ground that it

had been purchased by them subsequently to April 1, and that said stock had been "duly assessed and returned for taxation for the current year in the state of Colorado." Said objections were overruled, and plaintiffs prosecuted an appeal to the district court, wherein, for the first time, they claimed that the statute relating to the assessment of property brought within the state subsequent to April 1 of any one year was, for various reasons, unconstitutional and void. The county attorney joined issue, the court held for defendant, and plaintiffs appeal.

In this court the county attorney insists that the inquiry should be restricted to the complaint made before the board of equalization, to wit, that the property had been assessed in Colorado for the current year of 1906, and claims that the district court was without jurisdiction to pass upon the constitutionality of the law because that question was not presented to said board of equalization. Although the claim is belated, and does not seem to have been presented to the district court, we are of opinion that it is well taken. The board of equalization is vested with power to consider and determine, not only the valuation of property listed for or subject to taxation, but also whether any particular property is exempt from taxation. *State v. Drexel,* 75 Neb. 751. From the decision of said board upon any question before it, an appeal may be prosecuted to the district court. Ann. St. 1907, sec. 11023. Whenever the legislature provides for an appeal to a court from a decision of a board of equalization, that court, no matter what may be its grade, is one of limited jurisdiction for said purpose, and must keep strictly within the letter of the statute defining its power. 2 Cooley, Taxation (3d ed.), p. 1394. The legislature, in the section of the revenue law referred to, has seen fit to restrict the district court on such appeal to a consideration of the questions raised before said board, and the court is without power to adjudicate any other issue in that proceeding. *Nebraska Telephone Co. v. Hall County,* 75 Neb. 405; *Keokuk & H. B. Co. v. People,* 185 Ill. 276.

We will not presume that the district court considered questions that it was without jurisdiction to determine, but conclude that it confined its inquiry to ascertaining whether or not said stock was assessed in Colorado for the current year of 1906. The county attorney could have cleared up the record by requesting the district court to strike from the petition the allegations relating to the unconstitutionality of the statute, but his acquiescence would not avail to invest that court with jurisdiction contrary to the plain language of the statute. There was not a scintilla of evidence received or offered to show that said stock or any part thereof had been assessed in Colorado for 1906. Plaintiffs, before the board of equalization and the district court, demanded relief under the very statute they now ask to have adjudged null and void, and it may well be doubted, although we do not determine the point, whether a litigant may ask for relief by virtue of the terms of a statute, and in the same proceeding also demand redress because of the law's alleged invalidity. *Eustis v. Bolles,* 146 Mass. 413, 4 Am. St. Rep. 327; *Vose v. Cockcroft,* 44 N. Y. 415.

The record is without error, and we recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.