STATE BANK OF NEBRASKA, APPELLEE, v. SEWARD COUNTY, APPELLANT.

FILED APRIL 3, 1914. No. 18,448.

1. **Taxation: EQUALIZATION: APPEAL: ISSUES.** On appeal from an order of a board of equalization in the matter of assessment of property for taxation, the cause must be tried on the questions raised by the complaint before that tribunal. *Nebraska Telephone Co. v. Hall County*, 75 Neb. 405.

2. ——: ——: ——: ——. In making up the issue for the trial of such an appeal, the district court, on motion, should strike from the pleadings all new matters not put in issue before the board of equalization.

3. ———: ASSESSMENT: CAPITAL STOCK OF BANKS. The law requires the assessor to determine and settle the true value of the capital stock of every bank or banking association, loan and trust or investment company. For that purpose he should require a complete statement of the proper officer under oath, showing the number of shares of the capital stock and the value of such shares. He should also examine the last report made to the authorities by such institution pursuant to law. If he has reason to believe that these statements and reports fail in any respect to show the actual value of the assets, he should examine the officers of the bank, association, or company, under oath, in determining and fixing the true value of such stock. If the stock has a market value, he must consider that, and he must also consider the surplus and undivided profits. But he is not concluded by his consideration of the foregoing items, for he must find the true value of all the assets for himself.

4. ———: ———: ———. All property and assets and everything of value are included in the true value of the stock, and as against such true value the *bona fide* mortgages on real estate on which the mortgagors have paid or agreed to pay the taxes must be deducted, and the remainder assessed as capital stock. *First Trust Co. v. Lancaster County*, 93 Neb. 795.

5. ———: ———: POWER TO CHANGE. A board of county commissioners sitting as a board of equalization, without notice to the taxpayer, and without complaint that his property was assessed too low, is without jurisdiction to change the assessment as returned by the county assessor.

APPEAL from the district court for Seward county: ED-WARD E. GOOD, JUDGE. *Affirmed.*

*Edwin Vail, Grant G. Martin, Attorney General, George W. Ayres* and *Frank E. Edgerton,* for appellant.

*Norval Bros., J. J. Thomas* and *H. D. Landis, contra.*

BARNES, J.

This is an appeal from a judgment of the district court for Seward county in the matter of the assessment of the property of the State Bank of Seward, Nebraska, for taxation for the year 1913. It appears that in May of that year the bank, by its cashier, made the following return of its property to the county assessor for taxation:

"Name.   The State Bank of Nebraska.

Location.   Seward, Nebraska.

Capital stock .........................$35,000.00
Number of shares ($100 each) ...........    350
Surplus ........................ ................  8,000.00
Undivided profits ....................·.....   · 3,201.85
Total book value ...................... 46,201.85
or $132.00 per share.

Market value per share, $——.

I, Harry D. Landis, cashier of said bank, do solemnly swear that the foregoing statement, with list of stockholders attached thereto, is true and correct this 1st day of April, 1913.

HARRY D. LANDIS, Cashier.

Subscribed in my presence and sworn to before me this —— day of ——, 191—."

Attached to the schedule was the following entry in substance made by the county assessor:

Actual value $46,200, assessed value $9,240, penalties $——; board of equalization $——. Attached to and made a part of the schedule of the bank is exhibit A, which is a statement of the deduction claimed by the bank in the form of mortgages on real estate, with the affidavit of the cashier as follows: "Each mortgage was given, executed, and filed after the 1st day of July, 1911, and before the 1st day of April, 1913, as aforesaid; that each of said mortgages is upon Seward county real estate, and the value of each and every piece of real estate covered by said mortgages considerably exceeds the value of said bank's mortgage thereon, and that each and every mortgage aforesaid provided that the mortgagor should pay the taxes levied thereon, and contained the following provision, 'and shall pay all taxes and assessments levied upon said real estate, including all taxes and assessments levied upon this mortgage, or the debt secured by this mortgage;' that each and every mortgagor giving and executing said mortgages aforesaid has paid or caused to be paid the taxes on said mortgage according to said agreement in said mortgage contained; that each of said mortgages represent *bona fide* loans

made by the bank. Affiant further says that, according to the laws of the state of Nebraska, said bank is justly entitled to have said mortgages amounting in the aggregate to the sum of $34,026, considered as an interest in real estate for the purposes of assessment and taxation, and deducted as real estate and tangible property otherwise taxed from the said capital stock of said bank as listed in said return for said bank hereto attached for the year 1913."

There was a copy of the last report made by the bank attached to the schedule, as requested and required by law. It appears that the assessor found the actual value of the bank stock to be $46,200, which was $1.85 less than the book value thereon returned to the assessor, and fixed the assessed value at $9,240, without making any allowance or deductions whatever on account of the $34,026 of the capital stock of the bank invested in real estate mortgages as listed in said exhibit A.

The bank, on June 11, 1913, filed a written complaint and protest duly verified against the assessment with the county board of equalization, claiming a reduction of the $34,000 loaned on real estate mortgages, as set forth in exhibit A attached to its schedule. On June 12, 1913, the county board of equalization considered the complaint and protest of the bank, and caused to be made the following record: "The protest and complaint of the State Bank of Nebraska of Seward, Nebraska, was read, asking for a deduction from the assessment as made by the county assessor. Moved and carried that the assessment as made by the county assessor on the State Bank of Nebraska remain as it is." Thereupon the bank duly prosecuted an appeal to the district court, where it filed its petition asking the court to reverse the order of the county board of equalization, and allow the exemption claimed in exhibit· A attached to its schedule. The county filed a motion to require the bank to make its petition more definite and certain, and a motion to dismiss the appeal, both of which were overruled by the court, and the county excepted. Thereupon the county filed an answer, in substance, as

follows: Comes now the appellee and, for answer to the
petition of the appellant herein filed, denies each and every
allegation therein contained not hereinafter admitted, con-
troverted, or modified; admits that appellant made a re-
turn to the county assessor, and alleges that said return is
truly set out in the transcript in this case; admits that
plaintiff filed a complaint with the county board of equali-
zation at the time and in the manner and form set out in
the transcript; and that on the 12th day of June, 1913, the
board entered an order, as set out in the transcript, which
is the order above referred to.

Appellant admits the allegation of paragraph 6 of the
petition. Then followed certain allegations to the effect
that the amount fixed by the county board of equalization
and assessment as the aggregate value of the bank stock for
the purposes of taxation for the year 1913 is no larger or
greater sum than the actual real or true value of said stock
after deducting said actual real and true value of the aggre-
gate amount of said mortgages. Other allegations were
contained in the answer touching the real value of the
property of the bank, and it was alleged that the appellant
was not entitled to have its assessments as fixed by the
board at the sum of $46,200 reduced by the deductions
therefrom of the amount of said mortgages for the reason
that without such deduction the value of the stock for the
purposes of taxation for the year 1913 was no more or
greater than the fair, reasonable and just value of said
property for the purposes of taxation and assessment.

The bank filed a motion to strike from the answer all the
remaining portion thereof following the admission of the
allegations of paragraph 6, because the same was redund-
ant, irrelevant and immaterial, and tendered an issue not
raised before the board of equalization. The motion was
sustained, and the county excepted to the ruling. There-
upon a trial was had to the court upon the pleadings. The
testimony of T. C. Beck, the county assessor, was taken,
and he testified that he had made the assessment of the
bank, and in so doing made no deduction whatever on ac-
count of real estate mortgages owned and held by the bank.

This was all the evidence that was introduced, and thereupon the court found the issues in favor of the bank; that it was entitled to have deducted from $46,200 the value of its capital stock for the purposes of assessment for the year 1913 the sum of $34,026, the aggregate amount of real estate mortgages owned and held by the bank. From this judgment the county has brought the case here by appeal.

It is contended by the appellant that the court erred in overruling the motion to require the bank to make its petition more definite and certain by setting out the true value of the shares of its capital stock, the market value thereof, the average amount of its loans and discounts during the fiscal year, also other resources of earnings, and the net amount of its actual earnings during the last fiscal year. This was an attempt to require the district court to revalue and reassess the property of the bank for taxation. The court had no authority to do this. The proper place to procure a revaluation and reassessment of the property was before the board of equalization. The county authorities having neglected to require such a statement when the matter was being considered by the board, there was no authority to require such a statement on the appeal to the district court.

It is further contended that the court erred in refusing to dismiss the appeal for want of jurisdiction. The complaint filed before the board gave that tribunal jurisdiction to determine the matter of the deduction of the amount of the mortgages owned by the bank from the value of its capital stock. The board took jurisdiction of the complaint, and made its order, from which the bank appealed. This gave the district court jurisdiction, and the motion to dismiss the appeal was properly overruled.

It is also contended that the court erred in sustaining the motion of the bank to strike from the answer the allegations relating to matters not in issue before the board of equalization and assessment. Section 6440, Rev. St. 1913, which provides for appeals to the district court from the action of the county board of equalization, reads as

follows: "The court shall hear the appeal as in equity and without a jury, and determine anew all questions raised before the board which relate to the liability of the property to assessment, or the amount thereof." This section was considered by this court in *Nebraska Telephone Co. v. Hall County,* 75 Neb. 405, where it was held: "On appeal from an order of a board of equalization in the matter of the assessment of property for taxation, the cause must be tried on the questions raised by the complaint before that tribunal." To the same effect are *First Nat. Bank v. Webster,* 77 Neb. 813, and *Reimers v. Merrick County,* 82 Neb. 639.

In the case at bar the assessor had returned the schedule of the bank to the county board, with his valuation and assessment fixed thereon. By his return he had refused to deduct the mortgages owned by the bank as returned by its affidavit attached to the schedule. The bank thereupon filed its complaint asking the county board of equalization and assessment to make the proper deduction. That was the only matter presented to the board for determination. According to the record, that was the only matter passed upon by the board when it made its order refusing to grant the request made by the bank, and, under the rule announced in the foregoing cases, that was the only matter that could be considered by the district court. It follows that the motion to strike the allegations from the answer was properly sustained.

This brings us to the consideration of the main question presented by this appeal. Under section 6351, Rev. St. 1913, mortgages on real estate for the purpose of taxation should be deducted from the capital stock of banks and trust companies, and the remainder assessed as capital stock. *First Trust Co. v. Lancaster County,* 93 Neb. 795. The facts are practically the same in both cases, and the opinion in that case clearly settles the question involved on this appeal in favor of the bank. It may be possible that the bank is, to some extent, escaping taxation; but the court, under the circumstances, cannot grant the county any relief. If it was believed by the assessor, or the county au-

thorities, that the assessment was inequitable and unjust, the board of equalization should have given the bank notice of the fact that it would proceed ·to reassess its property. This was not done, and without such notice the board could not raise the assessment, but was bound by the schedule returned by the assessor. When the assessment was returned, the case of the *First Trust Co. v. Lancaster County, supra,* had not been decided,. and it is quite apparent that the taxing authorities of Seward county assumed that the real estate mortgages of the bank could not be deducted from the amount of its capital stock, and hence no effort was made to reassess the property of the bank.

As we view the record, there was nothing for the court to do but to render a judgment in favor of the bank, deducting the amount of its real estate mortgages from the value of its capital stock, and the judgment of the district court is therefore

AFFIRMED.

FAWCETT, J., not sitting.