CHARLES H. BROWN, APPELLANT, v. DOUGLAS COUNTY ET
AL., APPELLEES.

FILED MAY 1, 1915. No. 18138.

1. **Taxation: RAISE OF VALUATION.** A county board of equalization
   cannot raise the assessed valuation of the real estate of an indi-
   vidual taxpayer without a complaint and without notice to the
   person affected thereby.

2. ———: **ILLEGAL LEVY: INJUNCTION.** So much of the taxes as are
   levied upon the valuation above that fixed by the county assessor
   is void, and its collection may be enjoined.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Reversed with directions.*

*Francis A. Brogan,* for appellant.

*Benjamin S. Baker, George A. Magney, W. C. Lambert*
and *Charles Haffke, contra.*

*William Baird & Sons, amici curiæ.*

BARNES, J.

This was a suit in equity to enjoin the county treasurer
of Douglas county from attempting to collect certain taxes
alleged to have been assessed and levied upon the west half
of lot 4, in block 118, in the city of Omaha. A demurrer to
plaintiff's petition was sustained; he refused to further
plead; his action was thereupon dismissed, and he has
brought the case here by an appeal.

It was alleged in the petition, in substance, that the
county assessor of Douglas county, on the second Monday
in June, 1912, completed his assessment rolls of the taxa-
ble property in said county and filed the same with the
county clerk, and by his assessment valued the west half of
lot 4, block 118, in the city of Omaha, at the sum of
$170,000; that thereupon said valuation became and was
the only lawful valuation of said property for taxation un-
less and until the same was changed by the county board of

equalization in the manner provided by law. It was further alleged that the county board of equalization of Douglas county convened on the 11th day of June, 1912, adjourned from day to day, terminated its session on the 3d day of July of that year, and adjourned to await the action of the state board of equalization; that at the close of the said meeting the said county board of equalization immediately before adjournment pretended to adopt a resolution purporting to raise the valuation of the plaintiff's premises, for the purposes of assessment, from the sum of $170,000 to the sum of $180,000, thereby making an increase in the valuation of said property, for the purposes of assessment and taxation, of $10,000; that the action taken by the said board was taken without any notice to the plaintiff, although he resided in the city of Omaha and was actually in said city at the time, which fact was well known to the said board, and no attempt was made to give plaintiff notice of the action of the said board, and, without giving him any opportunity to appear before the board and show cause why said valuation was excessive, and by adjourning the said meeting, prevented a hearing on their said action. It was alleged that the action of the board of equalization was contrary to the terms of the statute and without authority of law, and was wholly null and void; that said increased valuation was reported to the state board of equalization; that said state board certified the increase to the county clerk of Douglas county; that taxes were levied on such increased valuation and were extended upon the tax lists of said county, and that the county treasurer was proceeding and attempting to collect the said taxes. Plaintiff offered to pay all taxes levied on the true valuation of $170,000, and prayed for an injunction restraining the county authorities from collecting or attempting to collect so much of the taxes as were assessed and levied upon the increased valuation of $10,000. In short, the petition stated sufficient facts to entitle the plaintiff to the relief prayed for, if the action of the board of equalization in increasing the valuation of plaintiff's property was void and was taken without authority of law.

The proceedings, of which complaint was made, were had under the provisions of the Compiled Statutes of 1911. By section 116, art. I, ch. 77, Comp. St. 1911, it was provided: "The precinct assessors shall complete their assessment rolls, schedules, lists and returns, and deliver the same to the county assessor for revision, not later than the last Monday of May in each year. The county assessor shall complete his revision of the same and shall file them with the county clerk on or before the second Monday of June of each year." It was provided by section 120: "The county board, the county assessor and county clerk, shall constitute the county board of equalization, and the county clerk shall be the clerk of said board." By section 121, it was further provided: "The county board shall hold a session of not less than three and not more than twenty days for the purpose contemplated in this section, commencing on the first Tuesday after the second Monday of June each year, and shall: First. Fairly and impartially equalize the valuation of the personal property of the county, and to that end shall, on the application of any person who may deem himself aggrieved, or who shall complain that another is assessed too low, review the assessment and correct the same as shall appear to be just. Second. At its meeting in 1912, and every second year thereafter, equalize the valuation of real property of (the county) by raising the valuation of such tracts and lots as are assessed too low, and by lowering the valuation of such tracts and lots as are assessed too high; but in cases of evident error of assessment or of apparent gross injustice in overvaluation or undervaluation of real property the county board of equalization may at any of its annual meetings consider and correct the same by raising after due notice has been given to the interested party or parties or by lowering the assessed valuation of such real property. * * * Third. Ascertain whether the valuation in one township, precinct or district bears just relation to all townships, precincts, or districts in the county; and may increase or diminish the aggregate valuation of property in any township, precinct or district, by adding or deducting such sum upon the hun-

dred as may be necessary to produce a just relation between all the valuations of the property in the county. It may consider lands, village and city lots and personal property, and different classes of personal property, except property assessed or valued by the state board of equalization and assessment, separately and determine a separate rate per cent. of addition or reduction for each of said classes of property as may be necessary to adjust the equalization thereof. Fourth. Adjust assessments for the county by raising or lowering the assessment of any person as to any or all the items of his assessment in such manner as to secure the listing of property at its actual value and the assessment of property at its taxable value. But in no case shall the assessment of any person be raised by the board until such person, or his agent, shall be previously notified, if such person or his agent be found in the county. Fifth. Also add to the assessment rolls any taxable property not included therein, assessing the same in the name of the owner thereof as the assessors should have done, but no personal property shall be so added unless the owner thereof is previously notified, if he be found in the county."

It appears that the assessed valuation of plaintiff's property was raised in the amount of $10,000, without any notice to him whatever, and without any complaint made by any one that his property was assessed too low. It also appears, and is admitted by the demurrer, that the board of equalization increased the valuation of the plaintiff's property as the last act performed by it before adjournment, and that plaintiff never had any notice of such increase until after such adjournment, and was afforded no opportunity to appear before the board and show cause why such increased valuation should not be made.

It is the plaintiff's contention that the district court erred in sustaining the demurrer to his petition and dismissing his cause of action. The county board of equalization can only exercise such powers as are expressly granted by statute, and when the law prescribes the mode they must pursue in the exercise of these powers, it excludes

all other modes of procedure. *Sioux City & P. R. Co. v. Washington County*, 3 Neb. 30. The board of equalization is simply what its name imports, a board for the equalization of values in certain cases. It possesses no powers save those conferred by statute. *State v. Dodge County*, 20 Neb. 595. A county board cannot change an assessment without notice having first been given to the party affected. *State v. Edwards*, 26 Neb. 701; *Grant v. Bartholomew*, 57 Neb. 673. In the case last cited it was said: "A board of county commissioners, sitting as a board of equalization, without notice to the landowner and without a complaint that his real estate was assessed too low, raised the value placed thereon by the assessor. Held, that the board was without jurisdiction and its action a nullity." Where an assessment has been duly made and returned, the property owner may rest securely upon such assessment, unless a complaint is filed against him before the board of equalization and evidence given in support of the complaint, tending to show that his assessment should be increased. *Dixon County v. Halstead*, 23 Neb. 697. The valuation of property made by the proper assessing officer is presumed to be correct, and the burden is upon those attacking the same before the board of equalization to show that it should be assessed at a higher rate. *Woods v. Lincoln Gas & Electric Light Co.*, 74 Neb. 526. In *Grant v. Bartholomew, supra*, it was held that, where a board of equalization illegally raised an assessment, "only so much of the tax as arose out of the difference between the valuation placed upon the property by the assessor and the value attempted to be placed thereon by the board of equalization is illegal." It was also held that the action of the board of equalization in raising the assessor's valuation without notice to the landowner does not vitiate the assessment made by the assessor. In *Spiech v. Tierney*, 56 Neb. 514, it was held: "Where a board of equalization, without authority, increases the valuation of real estate as fixed by the assessor, the taxes apportioned against such real estate will be valid only to the extent that they are based on the original assessment." Many other cases have been de-

cided by this court along the same line, which we deem it unnecessary to refer to.

It is contended by the appellee that plaintiff's remedy in this case was by appeal from the.action of the board of equalization, and not by injunction.   It is apparent from the allegations of the petition that an appeal would have afforded the plaintiff no remedy.   No opportunity was given him to make complaint and have a hearing before the board of equalization.   We have frequently held that, on appeal from an order of the board of equalization in the matter of assessment of property for taxation, the cause must be tried on the questions raised by the complaint before that tribunal.   *Nebraska Telephone Co. v. Hall County,* 75 Neb. 405; *First Nat. Bank v. Webster County,* 77 Neb. 813; *State Bank v. Seward County,* 95 Neb. 665.

As we view this question, the contention that the Statutes of 1911 gave to the board of equalization the enlarged power which authorized it to increase the valuation of the property of the individual taxpayer without complaint and without notice is unsound.   The court erred in sustaining the demurrer to plaintiff's petition and dismissing his action.

The judgment of the district court is reversed and the cause remanded, with directions to award the plaintiff the relief prayed for in his petition.

· REVERSED.

SEDGWICK, J., concurs in the conclusion.

HAMER, J., not sitting.