FRANCIS  C.  WELCH  ET  AL.,  APPELLANTS,  V.  DOUGLAS
COUNTY, APPELLEE.

FILED APRIL 19, 1919.   No. 20346.

1. **Taxation:** ASSESSMENT: CORRECTION.  A county board of equaliza-
tion may upon proper notice raise or lower the valuation of real
estate for taxation to correct an apparent gross injustice.  Rev.
St. 1913, sec. 6437.

2. ———: ———: ———.  In such case, no complaint is necessary.
When it appears to the board that there has been an apparent
gross injustice in undervaluation, the valuation should be raised.
If real estate of the value of $175,000 has been valued at only
$110,000, there is an apparent gross injustice.  *Dixon County v. Hal-
stead*, 23 Neb. 697, and *Woods v. Lincoln Gas & Electric Light
Co.*, 74 Neb. 526, distinguished.

3. ———: ———: INCREASE: BURDEN OF PROOF.  When the action of
the board of equalization in raising or lowering an assessment is
attacked, the burden is upon the person attacking it to show
that it is wrong.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE.  *Affirmed.*

*Crofoot, Fraser & Connolly,* for appellants.

*George A. Magney, Ray J. Abbott* and *A. V. Shotwell,*
contra.

SEDGWICK, J.

The assessor valued certain real estate of the ap-
pellants for taxation at $110,000.  Upon complaint
filed with the board of equalization, it was raised to
$175,000.  The appellants appealed to the district court,
where the action of the board of equalization was
affirmed, and an appeal is taken to this court.

The assessment was in 1915, and the statute (Rev. St.
1913, sec. 6437) provides that the board of equalization,
"At its meeting in 1912 and every second year there-
after (shall) equalize the valuation of real property of
the county by raising the valuation of such tracts and

lots as are assessed too low, and lowering the valuation of such tracts and lots as are assessed too high; but in cases of evident error of assessment or of apparent gross injustice in overvaluation or undervaluation of real property, the county board of equalization may at its annual meetings consider and correct the same by raising, after due notice has been given to the interested party, or parties, or by lowering the assessed valuation of such real poperty.''

The complaint filed with the board of equalization was simply that the property ''is assessed too low,'' and, as it was in an odd year, such assessment could only be raised when there was an ''apparent gross injustice'' in undervaluation. It is contended that this complaint was insufficient as it did not specify any gross undervaluation. This is the only question presented. *Dixon County v. Halstead,* 23 Neb. 697, and *Woods v. Lincoln Gas & Electric Light Co.,* 74 Neb. 526, are principally relied upon. The statutes in regard to the powers and duties of the county boards of equalization have been frequently re-enacted, and in some respects radically changed, during the history of the state. The above cited *Dixon County* case was decided under section 70, ch. 77, Comp. St. 1887, which provides: ''On the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall review the assessment and correct the same as shall appear to be just. No complaint that another is assessed too low shall be acted upon until the person so assessed, or his agent, shall be notified of such complaint, if a resident of the county.''

Our present statute does not require that any complaint shall be made. The board of equalization can act upon its own motion. The assessment of property at $110,000, when it should be assessed at $175,00, is an ''apparent gross injustice'' in undervaluation, and the board of equalization was justified in changing the valuation, no matter in what way its attention was

called to the matter. In *Woods v. Lincoln Gas & Electric Light Co., supra,* the language of the syllabus would seem to support the contention of the appellants. But the opinion shows that the board of equalization did not change the valuation, but refused to do so, and in such case it was very proper to hold that "the burden was upon the complainants before the board of equalization to show that the property of the corporation should have been assessed at a higher rate." When the action of the board of equalization in raising or lowering an assessment is attacked, the burden is upon the person attacking it to show that it is wrong. The first paragraph of the syllabus in the *Woods* case is not applicable to the case at bar. There was no evidence before the district court, and we cannot presume that the property was of less value than that fixed by the board of equalization.

The judgment of the district court is

AFFIRMED.

The following opinion on motion for rehearing was filed June 28, 1919. *Rehearing denied.*

PER CURIAM.

The "case stated" says that the only question presented to this court is whether there was a sufficient complaint before the county board. Our former opinion says that this was the only question presented, and the opinion must not be considered as authority upon any other question. In the brief upon the motion for rehearing, it is conceded that the present statute "authorizing the board of equalization to increase valuation on account of an apparent gross injustice in undervaluation does not require a complaint," which concedes, as stated in our opinion, that the county board of equalization has jurisdiction without regard to the complaint. The district court so held, and we affirmed the decision.

REHEARING DENIED.