Reichenbach Land & Loan Co. v. Butler County.

---

REICHENBACH LAND & LOAN COMPANY ET AL., APPELLANTS,
v. BUTLER COUNTY, APPELLEE.

FILED NOVEMBER 10, 1920.   No. 21085.

Taxation: ASSESSMENT: REVIEW. The review by the district court of assessments made by the county assessor is limited to questions presented to the county board of equalization.

105 Neb.—14

APPEAL from the district court for Butler county: ED-
WARD E. GOOD, JUDGE. *Affirmed.*

*Hastings & Coufal,* for appellants.

*A. V. Thomas, contra.*

ROSE, J.

This is a proceeding to review and to correct an assess-
ment made by the county assessor of Butler county for the
year 1918. The county board of equalization refused to
change the assessment, and plaintiffs appealed to the dis-
trict court, with a like result. From the judgment of the
district court, plaintiffs have appealed to this court.

On the form of schedule used by banks, loan, trust, and
investment companies, "showing the number of shares com-
prising the actual capital stock, name and residence of
each stockholder, number of shares owned by each and the
value of such shares," and other items, the Reichenbach
Land & Loan Company, a corporation, one of the plaintiffs,
made its return to the county assessor. Rev. St. 1913, sec.
6343. According to this schedule there were two stock-
holders and 500 shares, valued at $874.48 a share, making
a total of $437,240. A statement of the condition of the
corporation April 1, 1918, disclosed resources as follows:
Real estate, cash value, $438,000; real estate mortgages,
$19,200; Chicago, Burlington & Quincy Railroad bonds,
$10,000; village bonds $8,100; due from national and state
banks, $1,443.14; total, $476,743.14. The liabilities were
listed as follows: Capital stock paid in $50,000; surplus,
$385,000; bills payable, $39,500; undivided profits, $2,-
243.14; total, $476,743.14. The county assessor fixed the
actual value of the shares of stock at $876,000, and the
difference between that amount and the value of the real
estate listed at $438,000, or the sum of $438,000, was fixed
as the assessable value of the shares; 20 per cent. of the
latter item being the statutory basis of a levy. Of the as-
sessor's action plaintiffs complained to the county board of
equalization as follows:

"The assessment of the assessor for said year is too high on the following described property situated in Nebraska and Iowa township, Butler county, Nebraska, to wit: Value of the shares of stock as fixed and determined by the assessor and particularly on the deduction allowed on real estate at assessed value and not at actual value. Said property is assessed at $438,000 for said year as appears by the schedule and assessment book of the assessor for said township and the same should be assessed at $754.86, according to its true value."

There was presented to the county board of equalization no complaint except that the assessment of the shares of stock was too high, but it was averred that such shares were assessable. In the district court on appeal it was not shown that the assessment was too high, but it was there pleaded and urged that the Reichenbach Land & Loan Company was a holding corporation merely, and not an investment company which could be assessed on its shares of stock. For the reason that this latter question had not been presented to the county board of equalization, it was disregarded in the district court, with the result that plaintiffs were denied relief on appeal. In this ruling the district court was clearly right. The local board had ample power in the first instance to correct any error in the official action of the assessor, and the question for review should have been pointed out in some form. In considering the interests of the taxpayers of an entire county and of the public at large, in examining numerous items and in determining the value of property in different forms for the purpose of taxation, the county board of equalization is entitled to a specific complaint, and should have an opportunity to pass on the question for ultimate decision before the public revenues become involved in protracted or vexatious litigation. On appeal to the district court the questions for review are limited to the questions presented to the county board of equalization. This is the public policy of the state. Rev. St. 1913, sec. 6440; *Nebraska Telephone Co. v. Hall County*, 75 Neb. 405; *First Nat. Bank v. Webster County*, 77 Neb. 813; *Reimers v. Mer-*

*rick County*, 82 Neb. 639; *Brown v. Douglas County*, 98 Neb. 299; *State Bank v. Seward County*, 95 Neb. 665.

The trial court enforced this rule, and the judgment is

AFFIRMED.