LA RUE BROGHAMER ET AL., APPELLANTS, V. CITY OF CHADRON ET AL., APPELLEES.

FILED JANUARY 26, 1922.    No. 22421.

1. **Municipal Corporations:** MEETING OF BOARD OF EQUALIZATION: NOTICE: PRESUMPTION. In an attack upon the proceedings of a city council, acting as a board of equalization, when that part of the municipal records introduced in evidence shows that a notice of the meeting of the board was ordered published, and when the complete record of the proceedings is not introduced in evidence and no portion offered to show that such notice was not published, it will be presumed by the court that the notice was published and was in all respects regular.

2. ———: ———: PLAN OF ASSESSMENT. Where the council, as a board of equalization, adopted the zone plan for the apportionment of assessments, so that all property in the district within the zone nearer to the paving was assessed a higher per cent. of the tax, and the zone next farther removed a medium per cent., and so on, reducing the amount by zones until the property in the farthest zone was required to pay the least proportionate part, and when there was no evidence introduced or preserved by complaining property owners which would show that the assessment resulting was not in accordance with nor in excess of benefits, the court, in an error proceeding reviewing the action of the board of equalization, will presume that the plan adopted was a proper one.

3. ———: ———: ———: OBJECTIONS: REVIEW. Ordinarily the propriety of the plan of apportionment of the tax and the necessity of expenditure for those things which might, within the discretion of the board, have been considered by it essential and incidental parts of the main project will not be reviewed on error, where the complaining parties did not appear before, nor make objections to, the board, since the board is entitled to a fair opportunity while it is in session to avoid error and to meet such objections.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher, W. T. McMillan* and *Thomas E. Dunbar,* for appellants.

*J. B. Townsend, E. D. Crites* and *F. A. Crites, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY, DEAN, FLANSBURG, LETTON and ROSE, JJ.

FLANSBURG, J.

This was an error proceeding to the district court for Dawes county, taken from an order made by the city council of the city of Chadron, acting as a board of equalization, which order fixed special assessments totaling $281,203.93, to meet the cost of paving constructed in paving district No. 1 in that city. The district court affirmed the action of the board, and the plaintiffs have brought their appeal to this court.

Very many of the objections raised by the plaintiffs find no basis in the record. None of the plaintiffs ever appeared before the board of equalization. They presented no evidence and entered no objections. The only objection ever made was by their lodging an appeal in the district court, after the board had acted and after the assessments had been finally determined and the amounts thereof published. Furthermore, the transcript of the city council, pertaining to the matters in the paving district in question, is incomplete and purports, on its face, to be only extracts from such proceedings. In certain material respects, then, we do not have the com-

plete record of the proceedings upon which the council, as a board of equalization, based its findings and order.

The plaintiffs' first objection is that there was no notice given of the sitting of the board of equalization. The minutes of the council, produced in evidence, however, show that the clerk was ordered by the council to publish such a notice, and plaintiffs' attorneys in their brief admit the publication of such notice, but claim only that it was defective in substance. The notice actually published has not been produced, nor has it become a part of the record before us. In the absence of any showing we will presume that the notice was in all respects regular.

Plaintiffs further object that neither a proper method of equalization of assessments nor the method prescribed by the ordinance creating the district was followed, and that certain items of expenditure were unauthorized and were illegally included in the making of the assessments.

They contend that the original ordinance provided that the cost of the improvement should be levied according to the front-foot rule, and also that only such tracts of land or lots should be assessed as directly abutted upon the pavement. There is nothing in the original ordinance so indicating. On the other hand, it is provided that the cost of the improvement shall "be charged and assessed in the manner and to the extent as provided by law." When the council met as a board of equalization it had full authority to adopt whatsoever method it deemed wise and just as a plan for equalization. It devolved upon the plaintiffs to show that, by the plan adopted, injustice or discrimination resulted, or that the assessments so fixed were not in accordance with benefits, or that the properties were assessed to a greater amount than the benefits actually conferred. This proof the plaintiffs did not attempt to offer, and they have furnished evidence of no facts to serve as a basis for a finding that the assessments were not equitable and proper. The plan, however, which was followed in arriving at the amount

of the respective assessments, can be gathered from the record. In general, the paving district included property extending to a distance of 250 feet on either side of the proposed paving. Instead of assessing the cost of this paving at so much a square foot for all the property in the district, that property which was nearer to the paving was assessed a greater percentage of the cost than the property which was farther away. The same method was followed in fixing the assessment for the paving constructed on side streets. This was done by arranging the district into zones, so that all property within the zone nearer to the paving was assessed a higher per cent. of the tax; the next zone farther removed a medium per cent., and so on, reducing the amount by zones until the farthest zone was required to pay the least proportionate part. The plan is one quite ordinarily followed. Without any specific proof that it worked inequitably, or was not in accordance with nor in excess of benefits, we cannot say that the council has not acted fully within the scope of the discretion vested in it. On the other hand, the plan and method of procedure would, on its face, seem to be one which would ordinarily bring equitable results.

The plaintiffs contend that certain items of expenditure, made to cover the cost of drainage, grading, engineering and interest on borrowed money, were wrongfully and unlawfully included as part of the cost of construction of the pavements. It is the rule, however, that all expenses which are necessarily incident to the making of the authorized improvement may be included in the cost. 28 Cyc. 1153. The record shows the amount of these expenditures and that they were made for the purposes above enumerated, but it does not show the specific nature and the character of the things provided by that expense and their relation to the main improvement. It is apparent that some provision for drainage must be made; some amount of grading must be done; that engineering services are necessary in the construction of such

paving improvements; and that interest may have to be paid on money necessarily borrowed. Where the council may have had reasonable basis for believing that those things were necessary and incidental to the main project, the court is unable, without proof, to say that the council erred in its judgment, or that the matters and things done in the execution of the work were not incidental and essential to the construction of the pavements, and cannot say that the council, in its determination, acted outside of the authority conferred upon it by the statute in such special assessment proceedings.

Throughout the proceedings it appears that the council had jurisdiction. It is not contended that the ordinance creating the district was not duly enacted. The petition of property owners for the creation of the district was not necessary under the law as amended. Laws 1917, ch. 95, sec. 1 (4916). The board of equalization had jurisdiction, and no evidence was offered, either before that board, or in the district court, to show that the council, in making the expenditures for the matters above complained of, exceeded its authority, or went beyond the discretion vested in it in determining what was a necessary and incidental expense to the curbing and paving of the streets in the district.

Where the council has jurisdiction as a board of equalization, and the matters coming before it and upon which it acts involve the exercise of its discretionary powers, and where the property owners do not appear and object, nor in any way attempt to direct or assist the board to a true determination of the questions in which they are interested, it is too late for them, for the first time, to raise those questions upon an appeal or error proceedings in the district court. This is the rule followed with regard to proceedings before boards of equalization generally. *Reichenbach Land & Loan Co. v. Butler County,* 105 Neb. 209; *Brown v. Douglas County,* 98 Neb. 299; *State Bank v. Seward County,* 95 Neb. 665; *Nebraska Telephone Co. v. Hall County,* 75 Neb. 405, and the same

rule obtains with regard to the matter of proceedings for the levy of special assessments, conducted by a city council, sitting as a board of equalization. *Chicago, R. I. & P. R. Co. v. City of Centerville,* 172 Ia. 444.

The judgment of the district court is therefore

AFFIRMED.